FRANK V. BROSE, Appellee, v. CHICAGO GREAT WESTERN RAILROAD COMPANY, Appellant.

RAILROADS: Crossing Accidents—Reliance on Precautions—Contributory Negligence. Where a person injured at a railway cross-

ing knew of the automatic signaling device at the crossing, and was induced by its failure to work to believe the crossing safe, the jury had a right to consider that fact in determining whether he exercised ordinary care in attempting to go upon the crossing.

RAILROADS: Crossing Accidents—Signals—Negligence—Negative
2 Testimony. Where plaintiff and his companion testified that they listened intently for signals, before going upon a railway crossing, and heard none, and the train crew were not examined as witnesses upon that subject, evidence held sufficient to go to the jury upon negligence in not giving signals.

*Appeal from Cerro Gordo District Court.—J. J. Clark, Judge.*

MARCH 21, 1919.

ACTION for damages to an automobile, caused by a collision thereof with one of defendant's trains. Defendant appeals from a judgment in favor of plaintiff for $458.74.—*Affirmed.*

*Blythe, Markley, Rule & Smith* and *Carr, Carr & Cox,* for appellant.

*Senneff, Bliss, Witwer & Senneff,* for appellee.

STEVENS, J.—I. The argument of counsel for appellant is confined almost entirely to the question of plaintiff's alleged contributory negligence. The material facts appearing in the record are, in substance, as follows:

On the night of November 10, 1916, while plaintiff and another person were proceeding east in a Dodge touring car on one of the public streets of Mason City, his car collided with some freight cars which were being pushed north on defendant's main track across said street. The train, according to the testimony of defendant's witnesses, consisted of thirteen cars and an engine, which was attached to the south end of the train, but headed north. There was a residence south of the street, and about 30 feet west of de-

fendant's track, and another residence about 50 feet far-
ther west.    There were also some trees between the first
house and the track.    There were no street lights within a
block east or west of the crossing.    Plaintiff's automobile
was equipped with headlights, which, he testified, enabled
him to see for a distance of at least 200 feet in front there-
of, the same spreading out across the greater part of the
street.    The night was cold and dark, and both plaintiff and
the other occupant of the car testified that they looked
south, when about 100 feet west of the crossing, and again
when about 40 feet west thereof, but that they did not see
the cars with which the automobile shortly collided.    There
was nothing but the trees between the house and track to
obstruct plaintiff's view of the track at the last point of
observation.

For a considerable time prior to the accident, defend-
ant had maintained an automatic electric signal gong at
the crossing.    It was located immediately west of the track,
on the north line of the street; but on the occasion in ques-
tion, it was out of order, and did not ring as defendant's
train approached the street.    Plaintiff had frequently passed
over the crossing in question, and knew of the automat-
ic signaling device, but did not know that it was out of or-
der.    Both plaintiff and his companion observed, before at-
tempting to cross the track, that the signal bell was not
ringing.    The testimony on behalf of plaintiff tended to
show that the automobile approached the crossing at a speed
of from 10 to 12 miles per hour, and that defendant's train
was being operated at around 16 miles per hour.    Plaintiff
and the other occupant of the car testified that no lights
were visible upon any part of the train; that the same could
not be seen, on account of the darkness; and that, although
they were listening intently, they did not hear the move-
ment of the train.    On the other hand, defendant's train
crew testified that there was a brakeman with a lantern

on each of the two north cars, and that same were plainly visible to a person upon the street near the crossing. They also testified that the train was not moving to exceed six miles per hour. When a few feet from the track, the speed of the automobile was increased; but plaintiff testified that, when within about 12 feet thereof, the first car of defendant's train came into view upon the crossing, and that he quickly set the brake, and attempted to stop the automobile. One of the train crew testified that he saw plaintiff coming toward the crossing, and signaled the engineer that an automobile was approaching at a rapid rate of speed. Plaintiff also claimed that no whistle was blown or bell rung for the crossing.

It will be observed, from the foregoing statement of the evidence, that the jury could have found therefrom that plaintiff looked, when at least 100 feet west of the crossing, and again when within 40 feet thereof; that both occupants of the car listened intently, but did not hear the rattling of the train; that no lights were visible upon any part thereof; that, because of the darkness, they were unable to see it; and that they relied, to some extent, upon the failure of the automatic signaling device to give warning of the train's approach; that the car with which the automobile collided did not come into view until it was revealed by the headlights of plaintiff's automobile; and that he was then so close to the track that he was unable to stop his automobile in time to avoid the collision.

The duty of a traveler upon a street or highway, upon approaching a railway crossing, to look and listen for approaching trains, is, of course, conceded. Plaintiff knew of the automatic signaling device at the crossing, and was quite naturally induced, by its failure to work, to believe the crossing clear and free from danger. The jury had a right to take this fact into consideration, in deciding whether plaintiff exercised ordi-

1. RAILROADS: crossing accidents: reliance on precautions: contributory negligence.

nary care in attempting to go upon the crossing. *Lockridge v. Minneapolis & St. L. R. Co.*, 161 Iowa 74; *Dusold v. Chicago G. W. R. Co.*, 162 Iowa 441.

While plaintiff's car was pretty thoroughly demolished, neither he nor his companion was thrown from the seat of the automobile or injured. This fact tends strongly to corroborate plaintiff's claim that he was driving his car at a moderate speed. The question of contributory negligence was clearly for the jury.

II. Among the grounds of negligence alleged in plaintiff's petition was defendant's failure to ring the engine bell at the crossing. The evidence offered to sustain this allegation consisted of the statement of plaintiff and his companion that, while they listened intently, before attempting to go upon the crossing, for warning signals, none were heard. In addition thereto, plaintiff testified that defendant did not customarily cause the engine bell to be rung for this crossing. This testimony was necessarily less emphatic than would have been a positive statement that the bell was not rung, but, nevertheless, is of some probative value. Both witnesses were in full possession of their sense of hearing, and listened for the very purpose of determining whether any warning signal announced the approach of a train. Ordinarily, one thus situated would hear the customary signals, if given. It is true, plaintiff expressed doubt whether the ringing of the bell could have been heard, under the circumstances; but this is not conclusive. The train crew were examined as witnesses on behalf of the defendant, but were not interrogated upon this point. They must have known whether the bell was, in fact, rung or not. Weight in other jurisdictions has been given to this fact. *Haverstick v. Pennsylvania R. Co.*, 171 Pa. 101 (32 Atl. 1128); *Chicago, R. I. & P. R. Co. v. Stepp*, 90 C. C. A. 431 (22 L. R. A. [N. S.] 350).

2. RAILROADS: crossing accidents: signals: negligence: negative testimony.

We are not, therefore, disposed to hold that the court committed error by submitting this question to the jury.

III. Exceptions were taken to other instructions, but they are not urged in argument upon this appeal. Since we find no error in the record, the judgment of the court below must be—*Affirmed.*

LADD, C. J., GAYNOR and PRESTON, JJ., concur.