## NELSON v. THE C., R. I. & P. R. R. Co.

1. **Evidence:** STATEMENTS OUT OF COURT. It is error to exclude the answers to cross-interrogatories in a deposition, on the ground of incompetency and irrelevancy, when they relate to what the witness had stated to a particular person at a certain time and place specified, and to the subject matter of his testimony in chief.

2. ———: IN WRITING: WHEN OBJECTION SHOULD BE MADE. When, in the taking of a deposition, witness is interrogated as to the contents of a statement in writing, it should be exhibited to the witness; if not, the objection must be made at the time the deposition is taken.

3. **Railroads:** NEGLIGENCE: BURDEN OF PROOF. It is the settled rule in this State that in an action for injuries resulting from negligence, the burden of proof is on the plaintiff to show that the accident happened without want of any reasonable care on his part. Yet this may be inferred from circumstances, without being directly shown.

4. **Evidence:** CARLISLE TABLES. In an action for injuries not resulting in death, the Carlisle tables are immaterial and should be excluded.

*Appeal from Cass Circuit Court.*

THURSDAY, JUNE 18.

IN May 1872, the plaintiff, Larz Nelson, then about eighteen years old, was in the employment of the defendant, and was engaged in taking up the track and platform, at the depot near the Missouri river, and loading the ties, rails, spikes, etc., on flat cars, and in bringing water for others engaged with him in the work. The plaintiff claims that he, while in the discharge of his duty, went upon the flat car with some spikes, and as he laid them down and turned to leave the car, the train was suddenly started without signal, and negligently, whereby he was thrown from, and under the car, which ran over him

and broke and crushed his leg below the knee, rendering amputation necessary. The defendant denies negligence on its part, and denies liability, etc. There was a jury trial. Verdict and judgment for plaintiff for $7,375. The defendant appeals.

*T. F. Withrow, Gatch, Wright & Runnells*, and *Baldwin, Wright & Rising*, for appellant.

*Ross & Daily*, for appellee.

Cole, J.—I. The first point made by the appellant's counsel and extensively discussed by counsel on both sides, is, that the verdict is not supported by the evidence. As the judgment must be reversed for another cause, and the evidence may be different upon another trial, it is highly proper that we withhold any expression of views upon this point, lest the future trial might be prejudiced by our views upon this evidence. The same remarks apply with equal force to the point that the verdict and judgment are excessive.

II. Upon the trial the plaintiff introduced and read to the jury as evidence, the deposition of a witness who was present 1. EVIDENCE: at the time of the accident, resulting in the injury statements out of court. for which the plaintiff sues. The deposition contained, also, a large number of cross-interrogatories. No objections were made to the interrogatories or answers in the deposition itself. On the reading of the deposition to the jury at the trial, the plaintiff moved to exclude from the jury the answers to cross-interrogatories sixty-nine to eighty-six, both inclusive, because they were incompetent and irrelevant; and the court sustained the objection. The interrogatories and answers related to what the witness had stated in a conversation with a particular person named, at a certain time and place specified, and to the subject matter of his testimony in chief. These answers were neither incompetent nor irrelevant, they were clearly within the well settled rule respecting laying a foundation for the impeachment of a witness, by showing that he had made statements out of court, contrary to what he has testified at the trial. 1 Greenl. on Ev, § 462, and

cases cited in the notes, and also, § 90. It was error to exclude them.

III. Under the same circumstances as above stated, and immediately following the rulings therein discussed, the

2. ——: in writing: when objection should be made.

plaintiff moved to exclude from the jury the cross-interrogatories and answers thereto, from eighty-seven to one hundred and four, both inclusive, because the same are improper, incompetent, and not the best evidence. The objection was sustained. Each of these interrogatories and answers related to the contents of a certain statement in writing, signed and sworn to by the witness, shortly after the accident in controversy occurred, and detailing the circumstances of it, and respecting which he had testified in chief. The counsel for appellee, in their argument in this court, insist that these interrogatories and answers were rightly excluded, because it clearly appears that the statements inquired after, were reduced to writing, and *that* should be exhibited to the witness. If this objection was made at the time the deposition was taken, and it so appears therefrom, it is equally well settled as the rule above announced, that the court did right in excluding the evidence. See 1 Greenl. on Ev., §§ 463, 4, 5. It is impossible for us to tell certainly, from the abstract as it is made, whether the objection was urged at the taking of the deposition, or only at the trial. If the latter, then since Rev. of 1860, § 4089, (see now Code of 1873, § 3751), enacts "that no exception other than for incompetency or irrelevancy, shall be regarded, unless made and filed before the commencement of the trial," it is possible the objection came too late. The objection because the questions, etc., were improper, or not the best evidence, could not be allowed any force under the section quoted. And whether the evidence is incompetent, or the manner of obtaining it only was erroneous, it is not necessary to now determine. No such question need arise upon a re-trial.

IV. The court gave, on motion of plaintiff, this instruction to the jury: " 6. The jury are further instructed, that if

3. RAILROADS: negligence: burden of proof.

they are satisfied from the evidence that the injury to the plaintiff was occasioned by the fail-

ure of the defendant's employes controlling the train, and under whose control plaintiff was working, to, exercise reasonable and ordinary care to secure him from injury, then they must understand that plaintiff is entitled to recover such damages as will compensate him for the injury, unless they further find from the evidence that plaintiff's own carelessness and negligence directly contributed to produce the injury."

The rule has long been recognized, followed and settled, in this state, that in an action for injuries resulting from negligence, " there is no doubt but that the burden of proof is on the plaintiff to show to the jury that the accident happened without any want of reasonable care on his part.    *    *    * The plaintiff, in order to recover, must show that he did not contribute to the injury by his own fault, or by the want of ordinary care." *Rusch v. The City of Davenport*, 6 Iowa, 443, and cases cited, 452. And that " a party claiming to recover for the negligent or unskillful acts of another, must show him to be in the wrong, and also prove, if an issue thereon is made, that no negligence of his own caused the injury." *Baird v. Morford*, 29 Iowa, 531; Sedg. on Meas. of Dam., 468, and authorities there cited, and numerous other cases.

Under this rule, the above instruction was erroneous, because it tells the jury they must find for the plaintiff" unless they further find from the evidence that plaintiff's own carelessness and negligence directly contributed to produce the injury." Hence, if there was no evidence whatever respecting the carelessness of plaintiff, the jury would be required, under the instructions to find for him; whereas, 'under the rule as above set out, they should not find for him, unless he proved there was no negligence on his part.    But, as was said, in the case first above cited, " although the burden of proving the exercise of ordinary care rests on the plaintiff, yet it need not be directly shown, and may be inferred from the circumstances of the case." But the instruction, in the manner it is drawn, excludes all idea of requiring the plaintiff to show his own care, either by proof or by inference. *Patterson, Adm'r*

*of Loux, v. The B. & M. R. R. Co.*, p. 279, *ante.* The same error, precisely, is embodied in the second and fifth instructions given on the motion of plaintiff, and the first, given by the court on its own motion. These were, each, duly excepted to at the time, in the Circuit Court, and error duly assigned thereon in this court.

V. The plaintiff is under twenty-one years of age, and it is insisted that it was error to allow him to recover for any injury prior to the time he shall attain majority. But, under the evidence, the jury might well find that he was entitled to his own time and earnings. Rev. of 1860, Secs. 2539, 2542; Code of 1873, Secs 2237-2240.

VI. The Carlisle Tables were admitted in evidence. They 4. EVIDENCE: were immaterial and should have been excluded. Carlisle tables. The accident in this case did not result in the death of the person injured.

REVERSED.