## HILL v. AULTMAN & Co.

1. **Evidence:** PAROL TO PROVE CONTENTS OF LETTER: INSUFFICIENT FOUNDATION. Parol testimony to prove the contents of a letter alleged to have been received by a firm ought not to have been admitted without first showing the loss or destruction of the letter. A search for the letter which did not include an inquiry of the principal member of the firm was not sufficient.

2. **Instructions:** NOT SUFFICIENTLY FULL. The trial was on a petition and counter-claim. The case was such that the jury might have found that the plaintiff was not entitled to recover on his petition nor defendants on their counter-claim; but the court failed to instruct the jury that in that case they should find for the defendant. *Held* reversible error.

3. ———: IGNORING ISSUE. An instruction in this case *held* erroneous because it ignored defendant's general denial.

*Appeal from Webster District Court.*

THURSDAY, APRIL 22.

THE petition states that P. R. Baldwin & Co., of which partnership plaintiff was a member, were the agents of the defendant under a contract, not in writing, for the sale of farm machinery; that for his services defendant received a note executed by one McLaughlin, the amount of which, by reason of certain matters stated in the petition, the plaintiff seeks to recover in this action. The defendant in substance admitted the agency, but pleaded that the contract constituting P. R. Baldwin & Co. the defendant's agents was in writing, and pleaded several defenses and a counter-claim, which are sufficiently referred to in the opinion. Trial by jury. Verdict and judgment for the plaintiff. The defendant appeals.

*R. M. Wright*, for appellant.

No appearance for appellee.

SEEVERS, J.—I. One Patterson was the general agent of the defendant, and under the issues it became and was material whether a settlement made by him with P. R. Baldwin & Co. had been approved or ratified by the defendant. In making the settlement, Patterson stated in writing that he allowed (Baldwin & Co.) all they claimed, but that he could not say whether the company would do so or not. For the purpose of establishing such approval, the plaintiff introduced one Kehm as a witness. He was a clerk in the employ of Baldwin & Co., and he testified they had received a letter from the defendant, and, against the objection of the defendant, he was permitted to state the contents of such letter. Kehm testified that he saw the letter on the files of Baldwin & Co. in January, 1880, and had never seen it since that time, and

*1. EVIDENCE: parol to prove contents of letter: insufficient foundation.*

that he did not know, or "have any means of knowing, where it was." He made no search for it, or, at least, failed to so testify. The firm of Baldwin & Co. was composed of the plaintiff and Baldwin. The deposition of the latter was taken, and introduced on the trial, but he was not asked, and gave no evidence, in relation to the letter; that is, as to whether it had been lost or destroyed. The firm of Baldwin & Co. had been dissolved prior to the trial, and the plaintiff testified that he had never seen the letter since it was received; that he did not know where it was, and did not know what became of it after the dissolution of the firm. Such being the evidence, we are of the opinion that the court erred in admitting evidence of the contents of the letter. Its loss or destruction was not established, nor had a search been made therefor among the papers of the firm. For aught that appears, Baldwin may have had it.

II. Under the issues the plaintiff was entitled to recover something, or the defendant was entitled to recover on its

2. INSTRUC-
TIONS: not
sufficiently
full.

counter-claim, or the defendant was simply entitled to a verdict in its favor. In the seventh paragraph of the charge to the jury, the court instructed the jury that the plaintiff was entitled to recover $121.20 if they found certain facts, or that, if they found certain other facts, the defendant was entitled to recover $515.96, and forms of the verdict in accordance with this instruction were given to the jury by the court. In the second paragraph of the charge the jury were told that the burden was on the plaintiff to show "that there was a full and complete settlement between defendant and Baldwin & Co." In the fifth paragraph of the charge the jury were told that, if they found certain facts to be true, the settlement would amount to a waiver of the contract on which the defendant claimed to recover on its counter-claim. Now, it is evident to us that the plaintiff might have failed to establish his right to recover at all, and also that the defendant might not be so entitled on its counter-claim. At least, this was for the jury

to say. In such case the verdict must have been for the defendant. But this issue ·was ignored in the instructions given the jury, and this, under the evidence in this case, constitutes, in our opinion, reversible error.

III. The plaintiff claimed to recover on the McLaughlin note, on the ground that it was secured by mortgage, which **3.——: ig- noring issue.** also secured other notes which were the property· of the defendant, some of which became due prior to the note held by the plaintiff, and that defendant had foreclosed the mortgage, and that the proceeds realized were more than sufficient to pay the notes which became due prior to the note owned by the plaintiff. It was therefore incumbent on the plaintiff to establish how much had been realized in the foreclosure proceedings, and how much he was entitled to. In the third paragraph of the charge the jury were told that the plaintiff was entitled to recover, unless the defendant had established its defense or counter-claim. In so instructing, the court ignored the fact that defendant had pleaded a general denial. The instruction in question is therefore erroneous.

Other errors are assigned and relied on, which we deem it best not to consider, for the reason that the appellee has failed to make any appearance.

REVERSED.