## GAMBLE V. MULLIN *et al.*

1. **Negligence:** INSTRUCTIONS: PARTIAL STATEMENT OF ISSUES. In an action based on negligence, where the answer charged plaintiff with contributory negligence, it was error, in stating the issues to the jury, to omit the issue of contributory negligence. (See cases cited in opinion).

2. ———: INSTRUCTIONS AS TO CONTRIBUTORY NEGLIGENCE. In such case, the jury were instructed that if the injury complained of was caused by defendants' negligence, and plaintiff did not, by any negligence of his own, contribute to the injury, they should find for the plaintiff; but in at least two paragraphs of the charge they were told, without qualification, that plaintiff was entitled to recover if the injury was the result of defendants' negligence; and in no part of the charge were they plainly told that contributory negligence on plaintiff's part would defeat his recovery. *Held* that the charge did not sufficiently state the law on this point.

3. ———: ———: BURDEN OF PROOF. In such case, it was not sufficient to instruct that plaintiff had the burden to prove the negligence alleged by him, as it was incumbent on him, also, to prove himself free from contributory negligence, even though such negligence was charged upon him in the answer. (See cases cited in opinion).

4. **Damages:** MEASURE OF: INJURY TO MARE IN BREEDING. In an action for an injury to a mare in breeding her, caused by the alleged negligence of defendants, and resulting in her death, the measure of plaintiff's damages was her value at the time of the injury (*Gardner v. Burlington, C. R. & N. Ry. Co.*, 68 Iowa, 592); and it was error to admit evidence of resulting injury to her sucking colt, no such claim having been pleaded.

*Appeal from Henry Circuit Court.*—HON. W. J. JEFFRIES, Judge.

FILED, MARCH 9, 1888.

PLAINTIFF seeks to recover damages for the death of a mare, alleged to have been caused by negligence and want of skill on the part of defendants. The case was tried to a jury, and a judgment rendered in favor of plaintiff on the verdict. The defendants appeal.

*Woolson & Babb*, for appellants.

*L. G. & L. A. Palmer*, for appellee.

ROBINSON, J.—The plaintiff claims that he caused a mare to be served by a stallion kept by defendants, and that, in consequence of negligence and want of skill on the part of the defendants' groom, an injury to the mare resulted, from the effects of which she died. The defendants deny that any injury was caused by want of care and skill on their part, and aver that, if the mare sustained any injury from the service in question, the plaintiff caused the same, or contributed thereto.

I. Defendants complain that the court failed to instruct the jury properly in regard to the issue of contributory negligence. The charge of the court stated a part of the issues, but failed to inform the jury that plaintiff was charged with having caused or contributed to the injury and damage sustained. That this was a material issue in the case cannot be denied. It was, therefore, error in the court to omit reference to this when stating the issues to the jury. *Owen v. Owen*, 22 Iowa, 270; *State v. Brainard*, 25 Iowa, 572; *Potter v. Chicago, R. I. & P. Ry. Co.*, 46 Iowa, 399; *Hill v. Aultman*, 68 Iowa, 630. The jury were told that if they believed "that the injury was caused by carelessness and negligence of the defendants in charge of the stallion owned by defendants, and that the plaintiff did not, by any negligent act, contribute to the injury of the mare," their verdict should be for the plaintiff. But they were also told, in at least two paragraphs of the charge, without qualification, that the plaintiff is entitled to recover if the injury was the result of carelessness or negligence on the part of defendants. It is true that, in the paragraph of the charge first referred to, the jury were told that the plaintiff could recover in the case stated if he had not contributed to the injury, but it is not stated in any part of the charge that contributory negligence on the part of

plaintiff would prevent his recovery.   In the third paragraph of the charge the jury are told that the burden **3.** *burden of proof.* of proving negligence rests upon the party alleging it.   We do not understand this to be correct, as applied to plaintiff in this case.   It was incumbent upon plaintiff to prove himself free from negligence, notwithstanding the fact that negligence on his part was stated in the answer.   As bearing upon these questions, see *Price v. Mahoney*, 24 Iowa, 582 ; *Muldowney v. Ill. Cent. Ry. Co.*, 32 Iowa, 178, 180 ; *Rusch v. City of Davenport*, 6 Iowa, 451 ; *Donaldson v. Miss. & Mo. Ry. Co.*, 18 Iowa, 289 ; *Greenleaf v. Ill. Cent. Ry. Co.*, 29 Iowa, 46 ; *Baird v. Morford*, 29 Iowa, 536 ; *Reynolds v. Hindman*, 32 Iowa, 148 ; *Patterson v. Burlington & M. R. Ry. Co.*, 38 Iowa, 279 ; *Murphy v. Chicago, R. I. & P. Ry. Co.*, 45 Iowa, 663 ; *Bonce v. Dubuque Street Ry. Co.*, 53 Iowa, 280 ; *Hawes v. Burlington, C. R. & N. Ry. Co.*, 64 Iowa, 318.

II.   The plaintiff was permitted to prove, against the objection of defendants, that the death of the mare **4. DAMAGES:** *measure of: injury to mare in breeding.* was an injury to her colt, then about one month old, and the amount of such injury.   In this we think there was error.   Injury to the colt is not named in the petition, and the proof as to the amount of damage should have been confined to the value of the mare at the time of the injury.   2 Sedg. Dam. 731, note ; *Gardner v. Burlington, C. R. & N. Ry. Co.*, 68 Iowa, 592.   It is claimed on the part of appellee that the evidence objected to was offered only to show the value of the mare.   The questions objected to and the answers do not sustain that theory.   They were directed to the alleged injury to and value of the colt.   We are satisfied the amount of damage allowed by the jury was not based entirely upon the value of the mare at the time of the injury.

III.   Other errors assigned and argued relate to matters not likely to be involved in another trial, and need not be determined by us.   For the errors pointed out, this case is

