## S. H. GIPE, Appellant, v. R. T. LYNCH.

**Automobile accident:** CONTRIBUTORY NEGLIGENCE: EVIDENCE. In this action for an automobile accident the evidence on the question of contributory negligence is held sufficient to take that issue to the jury.

**Same:** INSTRUCTIONS: HARMLESS ERROR. The instruction in this action defining contributory negligence as the negligence of both parties contributing to the injury was not prejudicial, as the court in other instructions gave the jury correct definitions of such negligence.

**Same.** An instruction that plaintiff could not recover unless he was himself free from all negligence was not misleading, when coupled with the qualification limiting his negligence to such as contributed to the injury.

**Same.** An instruction defining contributory negligence as negligence that contributed in any way to the accident, and but for which it would not have occurred, was proper, and not subject to the objection that it permitted the jury to find that plaintiff was negligent in being at the place where he was injured.

**Same.** The instructions in this case did not warrant the assumption by the jury that any negligence of the plaintiff would defeat his recovery, regardless of its proximate connection with the accident, either in itself or in connection with the negligence of defendant.

**Same:** NEGLIGENCE: SUBMISSION OF ISSUE. It is not of itself negligence to permit the engine of an automobile to run while the machine is temporarily standing still on a highway; and as there was no showing in this case that defendant knew or should have known that the machine was frightening plaintiff's horse, in time to have avoided the accident, refusal to submit defendant's negligence in this respect was proper.

**Same.** Where the only allegations of negligence were that defendant was running his automobile without lights and that he permitted it to make loud and explosive noises, and there was no evidence that a machine of that capacity made louder or more terrifying noises than one of less capacity, an instruction that defendant

had a right to be on the highway with a machine of the capacity like his, and that the argument of counsel concerning its power should be disregarded, was proper.

**Same.** Where the only charge of negligence supported by the evidence was that defendant was running his automobile without lights, and this issue was properly submitted, an instruction that there was no evidence that defendant knew plaintiff was approaching or knew that his horse was afraid of automobiles, was not prejudicial.

**Instructions.** Mere repetition of a correct instruction is not erroneous.

*Appeal from Buchanan District Court.—*HON. FRANKLIN C. PLATT, Judge.

MONDAY, JUNE 10, 1912.

ACTION to recover damages for personal injuries alleged to have been received by plaintiff as the result of negligence of defendant in the management of his automobile. There was a verdict for the defendant, and from judgment on this verdict plaintiff appeals.—*Affirmed.*

*Cook & Cook* for appellant.

*E. E. Hasner* and *Carr, Carr & Evans* for appellee.

McCLAIN, C. J.—A brief narrative of the circumstances under which the plaintiff received the injuries for which he sought to recover damages will afford a sufficient basis for the discussion of the questions of law argued in behalf of appellant.

About half past six o'clock on a dark and rainy evening in the latter part of October the plaintiff, driving with his wife and two children in a single buggy along a highway and approaching a bridge, observed some vehicle coming toward him across the bridge which turned

out to be an automobile without lights. After the plaintiff saw the vehicle cross the bridge, he did not pay further attention to it, although, as he testified, he thought it to be a buggy and that it had been turned about and was being driven in the other direction. Plaintiff further testified that, when the horse he was driving came opposite to the automobile, the machine emitted a loud explosive noise and the horse jumped to the opposite side of the road, upsetting the buggy, and threw out plaintiff and his family with the result that plaintiff's face and chest were bruised and two fingers on his left hand, around which one of the lines was wrapped, were strained and injured. The defendant voluntarily paid for the damage to the buggy in which plaintiff was driving, but plaintiff sued for the injuries received by him and for loss of time in his occupation resulting from such injuries.

The negligence alleged was in operating the automobile upon the highway without a light, without any warning of its presence, at a time when by statute the defendant was required to have lights on his machine, and in causing or permitting the automobile to suddenly and without warning give forth loud and explosive noises which frightened plaintiff's horse so that he became unmanageable and ran off the road into the ditch, overturning the buggy.

The court instructed the jury that before plaintiff could recover he must prove the material allegations of the petition, which were, first, that the defendant was negligent in the matters charged in the petition, and, second, that plaintiff was free from negligence that contributed to the accident of which he complained.

I. One of the alleged errors was in submitting to the jury any issue as to plaintiff's freedom from contributory negligence; the contention being that there was no evidence on which the jury could base a finding that plaintiff was guilty of such contributory negligence as would

defeat his recovery. But the plaintiff specifically alleged,
as he was bound to do in such a case, that

1. AUTOMOBILE
ACCIDENT:
contributory
negligence:
evidence.

he was driving his horse with due care and
was free from any negligence contributing
to the accident, and there was evidence tend-
ing to show that, with knowledge of the presence of a
vehicle between him and the bridge, he continued to drive
his horse at high speed, holding one of his children in
his lap so that he would not have an unobstructed view of
the road in front of him, and attempting to pass by the
vehicle without taking any precautions for his safety. True
enough he testified that he thought the vehicle had been
turned about and was going the other way, but, if it had
already recrossed the bridge, he could have seen it, for he
had seen it approaching over the bridge, and the jury
might well have found that, under the circumstances, he
did not take proper precautions in attempting to pass a
vehicle which he had reason to believe was between him
and the bridge. We are satisfied that under the evidence
there was a question of contributory negligence for the
jury.

II.    The criticisms of the court's instruction with
reference to contributory negligence are not well founded.
After defining negligence in general and ordinary negli-

2. SAME:
instructions:
harmless
error.

gence, and also ordinary care as applicable
to the conduct of defendant as well as of plain-
tiff, the court somewhat inaptly said that "con-
tributory negligence is negligence not only on the part of the
one committing the injury but also on the part of the one
upon whom the injury is committed and by which he con-
tributed thereto." But this inapt statement was followed
in other instructions with a sufficient explanation of what
would constitute contributory negligence, and could not
have been in any way prejudicial to the plaintiff.

In another instruction the court told the jury that
plaintiff could recover on account of the negligence of

defendant provided he had shown "by a preponderance of the credible evidence that he himself was free from all negligence that contributed to the accident complained of." The criticism of this instruction is in the use of the expression "all negligence"; but clearly any negligence of the plaintiff that contributed to the accident complained of would preclude recovery by him on account of such accident, and, as thus qualified, the expression "all negligence" was not erroneous or misleading.

**3. Same.**

In another instruction the court told the jury that, if "plaintiff was guilty of contributory negligence—that is, negligence that contributed in any way to the accident and but for which it would not have occurred" —he could not recover, and the criticism of this instruction is that the jury was thereby allowed to find plaintiff guilty of contributory negligence in being at the place where he was injured, inasmuch as if he had not been there the accident would not have occurred. But there is no warrant for placing such construction on the language used. It was proper to define contributory negligence as negligence that contributed in any way to the accident and but for which it would not have occurred, and the jury would not have been justified in assuming that any conduct on the part of plaintiff but for which the accident would not have occurred was in itself contributory negligence.

**4. Same.**

There was no warrant in the instructions for the assumption on the part of the jury that any negligence on the part of plaintiff, without regard to its proximate connection with the accident, either in itself or concurrently with the negligence of defendant, would defeat plaintiff's recovery. This suggestion also meets the criticism of another instruction in which the jurors were told that, if they should find from the evidence that the accident occurred by reason of the negligence of

**5. Same.**

both plaintiff and defendant, the plaintiff could not recover.

III. There was no evidence tending to show any other loud and sudden noise than that produced by the engine of defendant's automobile in being allowed to run while the

6. SAME: negligence: submission of issue.

machine was standing still at the side of the road, and the court therefore properly refused to submit to the jury any question in regard to the alleged negligence of the defendant in allowing or causing his automobile to make without warning a loud and sudden noise upon the highway, in the absence of anything in the evidence to indicate that defendant observed or in the exercise of ordinary care ought to have observed that the noise of the engine was frightening the plaintiff's horse and might have stopped the explosions of his engine in time to have avoided the accident which resulted from such fright. There is nothing whatever to indicate that plaintiff's horse was frightened until he was beside the automobile and in the act of passing it, and defendant could not therefore have observed any danger, that the horse would be frightened by allowing his engine to run, in time to have avoided such danger. It was not in itself negligence on the part of defendant to allow his engine to run while his machine was standing still for a temporary purpose by the highway. *House v. Cramer*, 134 Iowa, 374.

IV. The allegation that defendant's machine was "a large and powerful gasoline automobile," and the evidence tending to show that the engine was "of forty horse power,"

7. SAME.

had no material relation to any negligence of the defendant charged in the petition or supported by the evidence, and the court properly instructed the jury that the defendant had the right to be in the highway with a forty horse power machine and that no attention should be paid by the jury to arguments of counsel in regard to the power of the machine. The size or power

of the machine had no relation whatever to the alleged negligence of the defendant in failing to have lights nor upon his alleged negligence in allowing his machine to make loud and explosive noises. There was nothing in the evidence to warrant any inference that the noises made in the running of a forty horse power engine are in their nature more terrifying or disturbing to an approaching horse than those made by an engine having less power. Any inference on the part of the jury that it was the duty of defendant to stop his forty horse power engine when it would not have been his duty to stop his engine if it had been of less power would have been, wholly unwarranted under the evidence.

V. The criticism made of an instruction to the effect that there was no evidence of knowledge on the part of defendant that plaintiff's horse was afraid of automobiles

8. SAME.

or that plaintiff was approaching along the highway is without any merit. The thought of counsel seems to be that, under the instruction, defendant was not liable for the result of negligence such as might cause injury to any traveler on the highway of whose presence he was not in fact aware. But as there was no evidence of any negligence calculated to cause injury to another person using the highway save that of failure to have lights on the machine, and as the question about the lights was sufficiently presented, the instruction complained of could not have been in any way prejudicial to plaintiff's case.

VI. As the jury found for the defendant, it is unnecessary to consider an alleged error in an instruction relating to the measure of damages. The repetition at

9. INSTRUCTIONS.

the end of this instruction of the statement that plaintiff could not recover at all unless defendant was negligent, and plaintiff was free from negligence in any way contributing to the alleged injury, was a correct statement of a general proposition and could not

have been prejudicial to the plaintiff, even though it was but a repetition of the same proposition as stated in other instructions. We find no ground whatever for the criticism that the court indicated to the jury, by his reference in different connections to the subject of contributory negligence, that a verdict ought to be returned against the plaintiff.

The assignments of error relate entirely to the giving and refusal of instructions. We find nothing in the instructions given which could in any way have been prejudicial to plaintiff's case, and nothing in the instructions asked and refused, which in view of the record should have been given, not sufficiently covered by the instructions which were given.

The judgment is therefore *affirmed.*