CLINTON McSPADDEN, Appellant, v. G. W. AXMEAR, Administrator, Appellee.

**TRIAL:** Instructions—**Correct But Not Explicit.** Correct but non-explicit instructions are sufficient, in the absence of a request for more detailed instructions. So held where plaintiff alleged no specific acts of negligence, but the court, in correct but general language, submitted all acts of negligence shown by the evidence, and where plaintiff made no request for greater elaboration.

**TRIAL:** Instructions—**Submission of Noncontroverted Fact.** Plaintiff may not complain of the submission to the jury of a noncontroverted fact, when the record reveals the further fact that plaintiff was, on other sustainable grounds, denied any recovery.

**TRIAL:** Instructions—**Repetition of Rule.** Repetition of a rule of law, while undesirable, does not, of itself, constitute reversible error.

**NEGLIGENCE:** **Jury Question.** Principle reaffirmed that the issue of contributory negligence must be submitted to the jury unless the facts are clear and undisputed, and the cause and effect so apparent to every candid mind that but one conclusion may fairly be drawn therefrom.

**HIGHWAYS:** **Law of Road—Presumption of Negligence.** The presumption of negligence which arises from the act of operating an automobile on the highway at a speed in excess of 25 miles per hour is applicable to both parties to a collision,—to the defendant on the issue of *his* negligence, and to the plaintiff on the issue of *his* contributory negligence.

**HIGHWAYS:** **Law of Road—Speed Less Than 25 Miles.** The operator of an automobile may be guilty of negligence in operating his car at a speed which is less than that speed (25 miles) which generates a statutory presumption of negligence.

**TRIAL:** Instructions—**Omission Supplied in Other Instruction.** An instruction which is erroneous because of the omission of an essential element of the law may find ample cure in other instructions which clearly and definitely include such omitted element.

*Appeal from Keokuk District Court.*—K. E. WILLCOCKSON, Judge.

FEBRUARY 8, 1921.

Rehearing Denied May 10, 1921.

·     Action to recover damages resulting from a collision of two automobiles. Verdict of jury finding for defendant. Judgment entered, taxing costs to plaintiff. Plaintiff appeals.— *Affirmed.*

*Stockman & Baker,* for appellant.

*Hamilton & Beatty,* for appellee.

De Graff, J.—On the evening of May 7, 1916, about 9 o'clock, a Ford car, driven by plaintiff, and a Spaulding car, driven by A. F. McClune, collided on the public highway, a few miles from Thornburg. As a result of the collision, A. F. McClune, his mother, and his little boy were killed, and the plaintiff received personal injuries and damages to his car.

The road on which the accident happened is an east and west road, and at the place of the accident is about 28 feet wide, the traveled portion thereof being about 21 feet. The plaintiff was going east, accompanied by a Dr. Tinsley, who was on his way to make a professional call at the farm home of Tom White. The Ford car, at the time of the collision, according to the testimony of plaintiff, was traveling at the rate of 12 to 15 miles per hour, and the McClune car, in the judgment of plaintiff, "was going 48 to 49 miles an hour." McClune and his family had attended church at Keswick and were on their way home, traveling west at the time of the collision.

About 85 feet west of the point of collision is a culvert, over which there was a slight rise or bump, about 4 inches above the level of the road, and about 3 feet wide. This strip of road is approximately level. From the intersection of the east and west road with the road running north and south, called the "T" road, the first high point east of the intersection is 648 feet distant. In this space there is a rise of 30 feet. From the high point to the place of collision is 344 feet, and from the latter point for 441 feet east there is a rise of 16 feet. In the next 200 feet there is a descent of approximately 4 feet, and in the next 659 feet there is a rise in the grade of 32 feet.

At about the point of the collision, 10 willow trees were

growing on the north side of the road. These trees were 1½ feet thick at the bottom, 40 feet high, and covered a space of about 90 feet east and west. The limbs extended over the road somewhat, and interfered with passing vehicles.

On the evening in question, it had rained some, and the road in spots was slippery. The lights on each car were being used, and the respective drivers saw the other's car for a considerable space before the accident.

Pearl McClune, the widow of A. F. McClune, and only survivor of the occupants of the Spaulding car, testified that "it appeared that the cars were going to pass;" and both plaintiff and Dr. Tinsley testified to the same effect.

Plaintiff instituted this action by filing a claim for damages against the estate·of A. F. McClune.

I. The errors relied upon for a reversal find their lodgment in the instructions given by the trial court. Space will not permit the incorporation into this opinion of the 23 instructions given, nor would any good purpose be served in so doing. Sufficient to state, they were of the ordinary sort in personal injury cases, couched in plain and simple English, subject to certain verbal criticism, and with more or less repetition in statement of legal principles.

It is urged by appellant that the court failed to submit to the jury certain acts of negligence on the part of the defendant. No specific acts of negligence were alleged by plaintiff in his petition, nor did the plaintiff request any instructions in this particular. The court, on its own motion, instructed the jury as to the acts of negligence to be considered, to wit: (1) That, at the time of and just prior to the collision, the deceased, A. F. McClune, was operating his automobile at an excessive and dangerous rate of speed; (2) that, in the operation of his car, he was negligent in not turning to the right, and thus failed to use ordinary care to avoid a collision.

1. TRIAL: instructions: correct but not explicit.

It is the duty of the trial court, on its own motion, to instruct fully on the issues, as warranted by the pleadings and the evidence. With this thought in mind, appellant contends that the court should have also submitted: (1) That the said McClune did not have his machine under control at the time of

and just prior to the collision; (2) that the said McClune was negligent in permitting his machine to cross over to the south side of the highway, across the middle line of the traveled part of the road.

We think these matters were sufficiently embodied in the instructions given. In one instruction, the court told the jury that the deceased was required to operate his automobile with the same caution, prudence, and care for the safety of those using the public highway as an ordinarily cautious and prudent man would exercise under the same or like circumstances, and that they should take into consideration, as shown by the evidence, the time and place where the car was operated, rate of speed, where it was being driven on the highway,—that is, as to the right or wrong side thereof,—and his manner of driving. In another instruction, the jury was told to consider, in connection with the speed of the defendant's car at the time of and prior to the accident, the physical condition of the road, as to mud, traveling down hill, and whether wet and slippery, and after considering these conditions and any conditions making traveling difficult and dangerous to others, determine whether the defendant was operating his car as an ordinarily prudent man, etc.

In another instruction, portions of the Motor Vehicle Law applicable to this case were quoted, viz.: (1) The driving of the car in a careful and prudent manner; (2) the rate of speed and the attending presumption; (3) the turning to the right, in passing a vehicle driven in the opposite direction.

In the light of the instructions given, and of the failure to request more specific instructions in this regard, error cannot be predicated thereon.

II.     It is further contended that the court should not have submitted to the jury the question "whether plaintiff received the injuries to his person and the damage to his automobile,"

2. TRIAL: instruc-    as the evidence on these propositions was not in structions: sub-    dispute. If this is error, it is without preju-
mission of non-    dice. An instruction given that is unnecessary,
controverted   
fact.    or even uncalled for, does not constitute reversible error, unless it appears, under the record, to have mis-

led the jury. *McCaskey v. Ft. Dodge, D. M. & S. R. Co.*, 154 Iowa 652; *Swisher v. Interurban R. Co.*, 151 Iowa 384.

III.   Complaint is made that the instructions unduly emphasized the doctrine of contributory negligence by too frequent reference thereto. "The mere repetition of a rule cannot well be denounced as constituting error." *Livingstone v. Dole*, 184 Iowa 1340. We do not approve this practice; but, in the instant case, we cannot say that plaintiff was prejudiced.

3. TRIAL: instructions: repetition of rule.

In this connection, it is contended by appellant that the question of contributory negligence should not have been submitted to the jury. With this statement we cannot agree. He alleged his freedom from negligence contributing to his injuries, as he was bound to do; and, with the testimony in conflict as to speed of his car, where his car was, and other matters in dispute, either directly or circumstantially, it was the province of the jury to decide. Contributory negligence is ordinarily a question for the jury; and, except in cases where the facts are clear and undisputed, and the cause and effect so apparent to every candid mind that but one conclusion may be fairly drawn therefrom, the court must submit the question to the jury. *Fitter v. Iowa Tel. Co.*, 143 Iowa 689.

4. NEGLIGENCE: jury question.

IV.   In one instruction, the court told the jury, in substance, that, if it was found from the evidence that the deceased, A. F. McClune, was driving his car to the left, and towards the south side of the highway, and by reason thereof the collision occurred, it would be, at first view, evidence of negligence on the part of deceased, since the law makes it the duty of parties driving a vehicle on the public highway, in passing a vehicle driven in an opposite direction, to turn to the right. The court, in this instruction, also said:

"You are further instructed that, if you find by a preponderance of the evidence that the deceased, without good reason or justification, and failing to use ordinary care, was negligent in turning to the left, if he did so turn, or if the deceased negligently failed to turn to the right, and by reason thereof collided with plaintiff's automobile and damaged same

and injured plaintiff, and such negligence, if any, was the proximate cause of plaintiff's injuries as alleged,'' etc.

The specific complaint is that:

''Nowhere in the whole record is there any attempt made to excuse or justify McClune in turning to the left.''

We will not quote the testimony as to the movements of plaintiff's car after crossing the culvert, or the location of the tools of the Ford car after the accident; but it is apparent that this part of the instruction is not without support in the evidence.

V.   Error is predicated in the giving of Instruction XVI, which reads as follows:

''As the court has heretofore instructed you that, when a person drives a motor vehicle on a highway at a greater rate of speed than 25 miles per hour, that such rate of speed shall be presumptive evidence of driving at a rate of speed which is not careful and prudent, in case of injury to the person or property of another, and upon this you are instructed that, if you find from the evidence that the plaintiff, at the time of the collision with the automobile of the deceased, was driving his automobile at and on the public highway at a speed in excess of 25 miles per hour, then such excessive rate of speed was presumptive evidence of the negligence of the plaintiff; and if you find further that, by reason of such excessive speed, if any, the same contributed to the collision and injury of which plaintiff complains, then the plaintiff cannot recover.''

5. HIGHWAYS: law of road: presumption of negligence.

Are the provisions of Section 1571-m19, Code Supplement, 1913, applicable to the facts in this case, as bearing upon the question of contributory negligence?

Appellant contends that this statute has no application to the speed of plaintiff's car, and that it is not intended to refer to a plaintiff's contributory negligence.

This provision makes a speed in excess of 25 miles an hour, in case of injury to the person or property of another, presumptive evidence that the vehicle was not being driven at a rate which is careful and prudent.   It is a rule of evidence.   If it can be said, under the facts of the case, that the automobile was moving faster than 25 miles an hour, ''a prima-facie case is

made out for the jury.'' *Larsh v. Strasser,* 183 Iowa 1360. The duty imposed is an affirmative one, and a failure to comply therewith is negligence. All negligence is predicated on duty, and presupposes the omission to fulfill the obligation imposed. *Fisher v. Ellston,* 174 Iowa 364.

Clearly, the negligence of plaintiff is measured by the same tests, whether statutory or otherwise, as the negligence of defendant. There is but one legal yardstick in these particulars. True, the contributory negligence in question must have a causal connection with the collision and the consequent injuries, and plaintiff's negligence cannot be found to be the proximate cause unless, but for such negligence, the injury would not have happened. *Clark v. Weathers,* 178 Iowa 97.

The trial court not only instructed in this regard, but further said, in another instruction, ''You are instructed that a person may operate an automobile in a negligent manner, even 6. HIGHWAYS: law though he is not operating the same at a speed of road: speed in excess of 25 miles an hour,'' and enumerated less than 25 miles. certain facts and circumstances disclosed by the evidence which could be taken into consideration in determining whether the operator of the car acted as an ordinarily prudent, cautious, and careful person would act, under like or similar circumstances. This latter instruction was made applicable to both plaintiff and defendant. No error was committed in giving either instruction.

VI. In Instruction XVII, the court stated that ''plaintiff must show that he himself was free from negligence,'' but did not qualify it by adding the words ''that contributed to plaintiff's injuries.'' However, in the first para-7. TRIAL: instruc- graph of this instruction it was said, ''free tions: omission supplied in other from negligence on his part which contributed instruction. to his alleged injury;'' and similar language was used in other instructions. Instructions must be read as a whole; and, if one instruction does not correctly state the law, by omitting some necessary element, the error is cured if other instructions ·fully and fairly state the principle involved. *Engvall v. Des Moines City R. Co.,* 145 Iowa 560; *Gipe v. Lynch,* 155 Iowa 627.

If an instruction given is not prejudicial, it is not reversible error. *Haradon v. Sloan,* 157 Iowa 608.

VII. The record in the instant case discloses that the evidence offered and introduced is in conflict on several material points. The trial court refused to set aside the verdict and grant a new trial on the ground of the insufficiency of the evidence. We find no reason to interfere. *Brockman v. Berryhill*, 16 Iowa 183. It is peculiarly the province of the jury to determine the credibility of witnesses and weigh the testimony introduced. The judgment entered is—*Affirmed*.

EVANS, C. J., WEAVER and PRESTON, JJ.; concur.