CHARLES EATON, Appellee, v. JOHN ELMAN, Appellant.

**NEGLIGENCE:** Contributory Negligence—Unseen Danger. The mere fact that a workman, in entering a dimly lighted cellar in connection

with his work, *deviates slightly* from a straight line in passing to his place of work, and is thereby precipitated into an opening, as to which he was wholly ignorant, does not stamp his conduct as negligent *per se*, especially when there were circumstances which excusably diverted his attention.

*Appeal from Des Moines Municipal Court.*—J. E. MERSHON, Judge.

DECEMBER 13, 1921.

ACTION to recover damages for injuries sustained by plaintiff, caused by stepping in a hole in the floor of the basement of the boiler room under defendant's place of business. Verdict for plaintiff, and defendant appeals.—*Affirmed.*

*C. S. Missildine,* for appellant.

*F. T. Van Liew,* for appellee.

FAVILLE, J.—Appellant's place of business is known as the "Amuz-U Theater." It is located on East Locust Street in the city of Des Moines. The building faces to the north, and there is an alleyway on the west side of the building. On the 15th day of January, 1920, the appellee was engaged in delivering coal to appellant at this place of business. The coal was delivered through a window opening upon the alley on the west side of the building. After a considerable quantity of coal had been thrown through the basement window by the appellee, the window became clogged, and it became necessary for appellee to enter the basement, for the purpose of raking the coal back from the window. To accomplish this, the appellee proceeded to the east side of the building, where there is a door leading into the basement. This door is somewhere near the middle of the east side of the basement. The window where the coal had been thrown in was on the opposite side of the basement, and farther to the north. South of the pile of coal in the basement was a furnace, which was nearly opposite and a little to the north of the entrance door on the east side of the building. A short distance from the front of the boiler, to the south, there

was a hole in the floor of the basement, about the size of an ordinary barrel. The distance of this hole from the southeast corner of the furnace is estimated in the evidence. as from 18 inches to 3 feet. At the time in question, there was also a bed in the basement, which was located a little to the south of the entrance door on the east side of the building. At the time that appellee entered the basement for the purpose of raking back the coal, two men were engaged in repairing the water gauge on the furnace. The evidence tends to show that at the front end of the furnace there was, at the time, a gas jet lighted, and also an electric light. The evidence, however, tends to show that, except for these, the basement room was dark, and that it was difficult to discern objects therein. Shortly before the appellee entered the basement, the men employed in repairing the furnace had drawn off a quantity of hot water from the boiler, and had drained the same into the hole referred to, through the floor in the basement, where it seeped into sand. After the appellee entered the basement, he spoke to the men who were near the furnace, and walked over to near where they were standing. In moving about, in some way not exactly clear from the evidence, appellee stepped with his left leg into the hole referred to, and was scalded by the hot water. The court submitted the case to the jury.

Appellant presents but one question for our consideration, and that is whether or not the court should have directed the jury to return a verdict in favor of the appellant, because of contributory negligence on the part of the appellee. The rules governing this question are very familiar and of frequent application. In *Evans v. City of Iowa City,* 125 Iowa 202, we said:

"The nonexistence of contributory negligence is a question of fact, and generally is for the jury. It is only when the facts are undisputed, and reasonable minds can draw but one conclusion therefrom, that the question becomes one of law. *Mc-Laury v. McGregor,* 54 Iowa 717."

This rule has been repeatedly announced by us, and citation of authorities in support thereof is wholly unnecessary. Applying this rule to the instant case, can it be said that all reasonable and fair-minded men can draw but one conclusion

from the facts in this case, and that, as a matter of law, the appellee was guilty of contributory negligence? Appellant's contention is that, when the appellee entered the basement for the purpose of raking back the accumulated coal, it was incumbent upon him to pass in a direct course from the door where he entered on the east of the building, in a northwesterly direction to the place where the coal was located. It is contended that, if the appellee had so moved as he entered the basement, he would have passed in safety by the hole in the basement floor, and would not have received the injury complained of. It is contended that the appellee could not have stepped into the hole unless he unduly wandered away from his proper course in going to the pile of coal, and went to a place where his duty did not require him to go.

We think the appellant places altogether too narrow a construction upon the facts surrounding the situation. It is probably true that it would have been possible for the appellee to have passed from the doorway on the east side of the building to the pile of coal without stepping into the hole. It is also true that the appellee was not required, in the performance of his duty, to go to the exact spot where the hole was located. But the evidence must be considered in the light of all the circumstances surrounding the transaction. The appellee came from the light of outdoors into what was at least the semidarkness of the basement. The evidence discloses that objects were not readily discernible. The appellee's attention was attracted by the two men near the boiler, and he went in the general direction of their location, and spoke to them regarding their failure to rake back the coal. It is conceded that he had no knowledge that the hole in the floor was open at the time, or that the hot water had been placed therein. Under these conditions, we are asked to hold, as a matter of law, that the appellee was guilty of contributory negligence in stepping into the hole.

We think that the question of the appellee's contributory negligence was a proper one to be submitted to the jury, and that the court did not err in refusing to direct a verdict for the appellant. The hole was situated but a very short distance from a direct line that the appellee would have had to follow from the doorway to the coal pile. In view of the darkness, the

presence of the men, and his conversation with them, and all of the attendant circumstances, we cannot hold, as a matter of law, that the appellee was guilty of such contributory negligence as to defeat recovery because, in going from the doorway to the coal pile, he diverted from a due course, and stepped into the hole.

In *Hearn v. City of Waterloo*, 185 Iowa 995, a somewhat analogous situation was presented. In that case, the plaintiff, walking with others upon a sidewalk, inadvertently stepped into a hole in the parking outside of the sidewalk, and received the injury complained of. We said:

"Another ground of the motion was that plaintiff was guilty of contributory negligence, as a matter of law. This point is predicated upon the theory that the plaintiff voluntarily left the sidewalk and entered upon the parking. This is a strained construction of the evidence. The plaintiff. had no purpose to leave the sidewalk. He was walking in the dark, and inadvertently stepped over the edge at the dangerous spot. The question of plaintiff's contributory negligence was one of fact, and was properly submitted to the jury."

In the instant case, it was clearly a question for the jury to determine whether or not, under all the facts and circumstances, as disclosed by the evidence, the appellee was guilty of contributory negligence in the manner claimed. No other question is presented for our consideration.

The judgment of the lower court must be, and the same is,— *Affirmed*.

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.