LOLITA S. JOHNSON, Appellee, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, Appellant.

**NEGLIGENCE: Acts Constituting—Duty of Wife as Guest.** A wife
1 who is traveling in a conveyance which is being driven by her husband is not absolved from the duty to exercise that degree of care for her own safety which an ordinarily prudent and careful person would exercise under like circumstances.

**NEGLIGENCE: Contributory Negligence—Diverting Circumstances.**
2 The fact that, when a party was injured in a collision with a street car, he was threading his way through a dust-laden street, which was filled with passing vehicles, may have material bearing on the issue of his contributory negligence.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

ACTION for damages resulting from personal injuries caused by a collision between an automobile in which the plaintiff was riding and a street car operated by the defendant. At the close of all the testimony, the defendant moved for a directed verdict, on the ground that plaintiff was guilty of contributory negligence. The motion was overruled, and the cause submitted to the jury, which returned a verdict for the plaintiff, and defendant appeals.—*Affirmed.*

*Tinley, Mitchell, Ross & Mitchell,* for appellant.

*Robertson & Robertson,* for appellee.

FAVILLE, J.—The appellant is a corporation operating a street railway in the city of Council Bluffs, and one of its lines extends outside the limits of said city to a summer resort known as Lake Manawa. The tracks of the appellant approach Lake Manawa from Council Bluffs in an easterly direction, and after crossing a public highway, which extends north and south, the tracks curve to the southeast, and pass through the grounds of the resort in a ''loop'' to the east and north, and then return toward the city in a westerly direction. East of the highway referred to and north of appellant's tracks is an open field that, at the time of the accident in question, was used as a pasture. There was no obstruction along the north side of appellant's tracks and east of said highway for a distance of approximately 393 feet, at which point there is a group of trees. The curve in the track commences at a point 270 feet east of the public highway, so that for that distance a car moving westward on the tracks of the appellant could be seen, under normal conditions, by a person driving south upon the public highway.

1. NEGLIGENCE: acts constituting: duty of wife as guest.

About 9:30 on the night of June 8, 1920, appellee started with her husband to go to said summer resort. They were riding in a five-passenger open automobile, without side cur-

2. NEGLIGENCE:
contributory
negligence: di-
verting circum-
stances.

tains. The car was being driven by the appellee's husband, and the appellee was sitting on the right side of the front seat. At the time in question, it was dark, and the travel upon the highway was heavy. The road was very dusty at the time, and the air was filled with dust from passing automobiles. The evidence shows that, as the automobile in which appellee was riding approached the crossing of appellant's tracks, it was moving at a speed of eighteen miles an hour. The speed was not slackened as the automobile approached the railroad tracks. The appellee testified that several cars were on the road at the time, going in each direction; that the dust was very dense; and that she could hardly see the passing automobiles for the dust. She testified that she did not make any effort to look to the east to see whether the street car was approaching; that the automobile was on the street car tracks when she first saw the street car. She testified:

"Just before the collision, my attention was attracted to the other cars that were passing us. I was looking and watching these cars that were passing us, just before the collision. * * * The dust prevented me from seeing anything except the lights on other cars. I could see the shadows of the other cars as they passed us. As the cars approached us, I could see them only a short distance ahead of us, a matter of five or ten feet."

The appellee was a married woman, thirty-seven years of age, had lived many years in Council Bluffs, and had been to Lake Manawa by street car at various times. She testified that she had not been along that road with her husband that year before the night in question, but had been over the road twice the summer before. The street car struck the automobile just behind the front seat. Appellee testified that she did not see the street car coming, and heard no signals. The street car was sixty feet long, was open and lighted, and equipped with a head light.

No question is raised with regard to negligence on the part of the appellant. The sole question for our consideration is whether or not the appellee was guilty of contributory negligence as a matter of law, and whether the court should have directed a verdict in behalf of the appellant for that reason.

As a general rule, the question of contributory negligence is one for the jury. It is only when it can fairly be said that all reasonable and fair-minded men would agree that a party has been guilty of contributory negligence that the question becomes one of law, to be determined by the court. These general rules have been so frequently reiterated by us that citation of authorities in support thereof is unnecessary. They are recognized by the appellant in argument.

The appellee was riding with her husband, who was driving the car. The fact that her husband was acting as driver of the car did not absolve her from responsibility in regard to the exercise of care on her own part, under the circumstances, to avoid an accident. In *Willfong v. Omaha & St. L. R. Co.*, 116 Iowa 548, we held that, where a husband and wife were traveling together in a conveyance which the former was driving, and she was riding by his side, in crossing a railroad crossing it was her duty to take such precautions for her own safety as were reasonable under the circumstances. This rule was reaffirmed by us in *Beemer v. Chicago, R. I. & P. R. Co.*, 181 Iowa 642. See, also, cases cited therein.

This rule is really nothing more nor less than the application of the general rule of negligence. That is to say, a person is guilty of negligence in failing to do what an ordinary, reasonable, careful, and prudent person would do under the same or similar circumstances. So, a woman riding by the side of her husband in an automobile, after dark, and approaching a known railroad crossing, cannot close her eyes to the situation and blindly trust entirely to the care of the driver. She is bound to exercise all such reasonable care for her own safety as a person of ordinary care and prudence would exercise under the same or similar circumstances.

In this case, the appellee was riding in an open car, after dark, along a public highway, where the traffic was heavy at the time. While there were no obstacles to the left that obstructed a view of the tracks on which the street car was approaching, the undisputed evidence shows that the parties were driving in a heavy cloud of dust, so that only the "shadows" of passing cars were visible, and that the lights on approaching automobiles could only be seen at a distance of five to ten feet.

While the appellee had been to the resort, which was her destination at the time, on a street car, and also two or three times by automobile, it was not shown that she had such familiarity with the location as to be advised in any way that the automobile was approaching or was about to cross the appellant's tracks. The undisputed evidence shows that the street car was not observed by her until it was within a few feet of the automobile, or the crossing, or, as she expresses it, "until it was right on us." She immediately said to her husband, "Oh, it is going to strike us." We cannot say, as a matter of law, that it was negligence on her part not to protest against the speed at which the automobile was moving at the time. The heavy cloud of dust in which the automobile was moving, and the presence of other automobiles which the appellee and her husband were meeting, and which were passing them in the dust, were diverting circumstances proper to be considered by the jury in passing upon the question of the contributory negligence of the appellee.

If it can fairly be inferred from the record that the appellee knew of the existence of the street car track, and was chargeable with a duty to be on the lookout for an approaching car at the time, it is also true that the failure of the appellant to give proper signals of the approach to the crossing (if appellant did so fail, as is claimed), while it would not of itself absolve the appellee from the duty of using reasonable care, would be a circumstance proper to be considered by the jury in passing on the question of appellee's contributory negligence. *Dusold v. Chicago G. W. R. Co.,* 162 Iowa 447; *Brose v. Chicago G. W. R. Co.,* 185 Iowa 867; *High v. Waterloo, C. F. & N. R. Co.,* 190 N. W. 331. The rules of law governing cases of this kind are familiar and well established. No two cases are alike in their facts.

We reach the conclusion that, upon the record in this case, it was properly a question for the jury to determine, under proper instructions from the court, whether or not the appellee was guilty of contributory negligence. As bearing on the question involved, see *Lawrence v. City of Sioux City,* 172 Iowa 320; *Fisher v. Ellston,* 174 Iowa 364; *Bridenstine v. Iowa City Elec. R. Co.,* 181 Iowa 1124; *Borg v. Des Moines City R. Co.,* 190 Iowa 909; *Waring v. Dubuque Elec. Co.,* 192 Iowa 1240.

The trial court did not err in submitting that question to the jury, and the judgment appealed from must therefore be, and it is,—*Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.