CAROLINE SCHELLDORF, Appellee, v. LEONARD CHERRY et al., Appellants.

No. 43059.

DECEMBER 17, 1935.

Carl F. Jordan, and M. W. Hyland, for appellants.

O. H. Allbee and C. H. E. Boardman, for appellee.

KINTZINGER, C. J.—The accident, resulting in alleged serious and permanent injuries to plaintiff,* occurred at 10:50 o'clock a. m., on the 9th day of January, 1933. At that time plaintiff was riding in the rear seat of an automobile belonging to P. H.

Jones. The car was traveling in a westerly direction on highway No. 30, and approaching the crest of a viaduct at Gladstone, Iowa, when the collision and injury resulting therefrom occurred. The defendants' car was driven by Leonard Cherry, a son of the defendant Louise Cherry, who was riding in the rear seat at the time of the collision.

■■■ In her petition, plaintiff alleges that the driver of the car was negligent in several particulars, and that the plaintiff was not guilty of any negligence contributing to or causing the injury complained of.

Defendants filed a general denial which put at issue the question of plaintiff's contributory negligence.

Although the evidence was conflicting as to the negligence of the drivers of the respective cars, as to speed, yielding one-half of the traveled roadway, having the cars under control, and driving at a careful and prudent speed, there was evidence from which the jury could find that the defendants' driver was guilty of negligence.

The court, however, in submitting the issues to the jury, omitted all reference to the issue raised by the pleadings on the question of plaintiff's freedom from contributory negligence.

In instruction No. I, the court said:

"The plaintiff in her petition alleges that the collision was caused by the negligence of the defendant in the following particulars:

"1. In failing to yield one-half of the traveled way by turning to the right when meeting the motor vehicle in which plaintiff was riding.

"2. In driving said Cadillac automobile without having the same under control and in failing to drive at a careful and prudent speed not greater than, nor less than, is reasonable and proper, having due regard to the traffic, surface and width of the highway, and of the conditions of the highway then existing."

In the first paragraph of instruction No. II, the court said:

"1. It is admitted that the defendant, Louise Cherry, was the owner of the Cadillac automobile, and that the defendant, Leonard Cherry, was operating it with her knowledge and consent.

"This leaves for your consideration the following disputed propositions:

"(1) Whether the driver of the Cadillac car was negligent in one or both of the particulars specified in plaintiff's petition, as set out on page two of these instructions.

"(2) Whether such negligence, if any, was the proximate cause of the injury to, and damage of, the plaintiff.

"(3) The amount of damages, if any, the plaintiff is entitled to recover."

In paragraph two of said instructions, the court said:

"In order to recover damages in this case, the burden of proof is upon the plaintiff to establish by a preponderance of the evidence each of the three disputed propositions set out in the preceding instruction."

The instructions of the court omit entirely all reference to the question of plaintiff's freedom from contributory negligence; and nowhere in any of the instructions does the court charge the jury that the burden is upon plaintiff to establish her freedom from contributory negligence before a recovery can be allowed.

The defendants requested and the court refused to give the following instructions upon contributory negligence:

"XI. You are instructed that the plaintiff was bound to exercise reasonable care for her own safety and would not be justified, in the exercise of reasonable care, to proceed blindly under the circumstances shown in this case, but she also had a duty to observe the conditions surrounding her and the road ahead."

I. Appellants contend that the court erred in failing to instruct the jury that the burden was upon plaintiff to show her freedom from contributory negligence. It is the settled rule of law in Iowa and many other states that in actions of this kind it is necessary for plaintiff to both plead and prove freedom from contributory negligence, and a failure to so instruct the jury is reversible error.

It is the settled rule that in states where such burden is upon the plaintiff, "it is firmly established as part of the common law that, in all actions to recover damages for injuries alleged to have been caused by the negligence of the defendant,

the burden is upon the plaintiff to establish as an affirmative fact and as a necessary part of his case not only the negligence of the defendant, but that at the time of the accident plaintiff, or the person killed or injured, was in the exercise of due care and caution or was not guilty of negligence on his part contributing to the injury complained of. This burden * * * rests upon the plaintiff throughout the entire case and never shifts to the defendant." 45 C. J. 1182, section 759. See, also, a large number of cases in 45 Corpus Juris, pages 1182 and 1183, under section 759.

"In jurisdictions where the burden of proving freedom from contributory negligence is on the plaintiff as a part of his case and there is no statute changing the rule the absence of contributory negligence as a general rule cannot be presumed but must be proved, and the mere fact of the accident and the resulting injury to the plaintiff does not ordinarily authorize an inference that he was in the exercise of due care." 45 C. J., 1154, section 743; Nelson v. Chicago, R. I. & P. R. Co., 38 Iowa 564; Gwynn v. Duffield, 66 Iowa 708, 24 N. W. 523, 55 Am. Rep. 286; Gamble v. Mullin, 74 Iowa 99, 36 N. W. 909; Baker v. Chicago, R. I. & P. Ry. Co., 95 Iowa 163, 63 N. W. 667; Quinn v. Chicago, R. I. & P. R. Co., 107 Iowa 710, 77 N. W. 464; Steele v. Crabtree, 130 Iowa 313, 106 N. W. 753; Cahill v. Illinois Cent. R. Co., 137 Iowa 577, 115 N. W. 216; Fitter v. Iowa Tel. Co., 143 Iowa 689, 121 N. W. 48; Grosjean v. Chicago, M. & St. P. R. Co., 146 Iowa 17, 123 N. W. 162; Bradley v. Interurban R. Co., 191 Iowa 1351, 183 N. W. 493; Eaton v. Elman, 192 Iowa 719, 185 N. W. 601; McSpadden v. Axmear, 191 Iowa 547, 181 N. W. 4; Gipe v. Lynch, 155 Iowa 627, 136 N. W. 714.

In the case of Gamble v. Mullin, 74 Iowa 99, loc. cit. 100, 36 N. W. 909, 910, this court said:

"Defendants complain that the court failed to instruct the jury properly in regard to the issue of contributory negligence. The charge of the court stated a part of the issues, but failed to inform the jury that plaintiff was charged with having caused or contributed to the injury and damage sustained. That this was a material issue in the case cannot be denied. It was therefore error in the court to omit reference to this when stating the issues to the jury. Owen v. Owen, 22 Iowa 270 [274]; State v. Brainard, 25 Iowa 572 [578]; Potter v. Chicago, R. I. & P. R.

Co., 46 Iowa 399 [402]; Hill v. Aultman, 68 Iowa 630, [632], 27 N. W. 788.''

In McSpadden v. Axmear, 191 Iowa 547, loc. cit. 561, 181 N. W. 4, 6, the court said:

''It is contended by appellant that the question of contributory negligence should not have been submitted to the jury. With this statement we cannot agree. He alleged his freedom from negligence contributing to his injuries, as he was bound to do, and with the testimony in conflict as to speed of his car, where his car was, and other matters in dispute, either directly or circumstantially, it was the province of the jury to decide. Contributory negligence is ordinarily a question for the jury, and except in cases where the facts are clear and undisputed, and the cause and effect so apparent to every candid mind that but one conclusion may be fairly drawn therefrom, the court must submit the question to the jury.''

In Bradley v. Interurban R. Co., 191 Iowa 1351, loc. cit. 1353, 183 N. W. 493, 494, the court said:

''The first and most earnestly argued proposition in support of the appeal is that the plaintiff should be held chargeable with contributory negligence as a matter of law. The argument, stated briefly, follows along this line: First, that although plaintiff was an invited passenger or guest in a car of which he had neither ownership nor control, yet he was still bound to exercise reasonable care for his own safety. * * * With the first proposition that the invited guest or passenger is not absolved from his obligation to use reasonable care for his own safety, there is no room for dispute.''

In Baker v. Chicago, R. I. & P. Ry. Co., 95 Iowa 163, loc. cit. 169, 63 N. W. 667, 669, this court said:

''Contributory negligence is not a defense. Its absence is a matter to be pleaded and proven to justify a recovery.''

The fact that the person injured is a guest in the automobile in which she was riding does not relieve plaintiff from the duty of both pleading and proving her freedom from contributory negligence. Hoover v. Haggard, 219 Iowa 1232, 260 N. W. 540; Dow v. Des Moines City R. Co., 148 Iowa 429, 126 N. W. 918; Wagner v. Kloster, 188 Iowa 174, 175 N. W. 840; Willis v.

Schertz, 188 Iowa 712, 175 N. W. 321; Butterfield v. Chicago, R. I. & P. R. Co., 193 Iowa 323, 185 N. W. 151; Johnson v. Omaha & C. B. St. R. Co., 194 Iowa 1230, 190 N. W. 977; Glanville v. Chicago, R. I. & P. R. Co., 196 Iowa 456, 193 N. W. 548; Hutchinson v. Sioux City Serv. Co., 210 Iowa 9, 230 N. .W. 387.

''The fact that her husband was acting as driver of the car did not absolve her from responsibility in regard to the exercise of care on her own part, under the circumstances, to avoid an accident.'' Johnson v. Omaha & C. B. St. R. Co., 194 Iowa 1230, loc. cit. 1233, 190 N. W. 977, 978.

The question of contributory negligence is ordinarily one for the jury. Howard v. City of Waterloo, 206 Iowa 1109, 221 N. W. 812; Gilliam v. Chicago, R. I. & P. R. Co., 206 Iowa 1291, 222 N. W. 12; Burke v. Town of Lawton, 207 Iowa 585, 223 N. W. 397.

Under the instructions given, plaintiff might recover, although her own negligence may have contributed to the injury. Plaintiff alleged her freedom from contributory negligence, and with the testimony in conflict as to the speed of the car, where the car was, and other matters in dispute, either directly or circumstantially, it was necessarily· within the province of the jury to decide the questions of negligence and contributory negligence. The burden of proving freedom from contributory negligence was upon the plaintiff, and a failure to so instruct the jury was erroneous.

■■■ II. Appellants also contend that the lower court erred in not specifically instructing the jury that any damages awarded plaintiff must be such as directly and proximately resulted from the injuries received *as a result of defendants' negligence.* We have carefully examined the instructions given in relation to the question of damages, and while the court gave long instructions relative to damages, we find, upon a careful examination thereof, that nowhere in the instructions was the jury charged that any damages awarded must be such as directly and proximately resulted from injuries sustained *as a direct result of the negligence* alleged. We think the damages recoverable for the negligence alleged should be such damages as were shown by the evidence to have been a direct result of defendants' negligence, and a failure to so instruct the jury is reversible error.

Appellants assign over one hundred errors as grounds for

reversal. Many of these errors are included in those relating to the court's failure to instruct on the question of plaintiff's contributory negligence, and upon the question of damages.

A large number of other assignments alleged do not comply with rule No. 30, which requires appellants to set out reasons for the errors assigned, and for that reason are not considered. In view also of the necessity for a new trial, we refrain from reviewing all other errors assigned.

For the reasons hereinabove set out, the judgment of the lower court must be and is hereby reversed.—Reversed.

All Justices concur.