S. N. GROSJEAN, Appellee, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

**Railroads:** CONTRIBUTORY NEGLIGENCE: INSTRUCTIONS. In an action for negligence it is ordinarily reversible error for the court to omit instructions relating to plaintiff's duty to show himself free from contributory negligence, but where ,the court does instruct that the plaintiff . was guilty of contributory negligence as a matter of law, and that the defendant could only be held liable in the event of a finding for plaintiff under the doctrine of the last fair chance, no prejudice arose from the omission and the cause will not be reversed on that account.

**Same:** REQUESTED INSTRUCTIONS: ESTOPPEL. A party can not complain on appeal of an instruction given at his request.

*Appeal from Muscatine District Court.*—HON. A. J. HOUSE, Judge.

FRIDAY, NOVEMBER 19, 1909.

REHEARING DENIED TUESDAY, FEBRUARY 15, 1910.

ACTION at law to recover damages for injuries occasioned to plaintiff's cattle in a collision with defendant's engine on a highway crossing. Judgment for plaintiff, and defendant appeals.—*Affirmed*.

*J. C. Cook, Jayne & Hoffman,* and *John N. Hughes,* for appellant.

*Richman & Richman* and *E. M. Warner,* for appellee.

WEAVER, J.—The plaintiff received a consignment of steers shipped over defendant's road to the town of Cranston in Muscatine County. The cattle, forty-seven in number, were safely unloaded at the station and taken in charge by plaintiff's two sons, who undertook to drive them to the feedyards at their home. Their route took them along a highway running directly west from the station and immediately north of the track and parallel thereto for a distance of about one hundred and twenty rods, where it opened into another highway extending north to plaintiff's yards and south across the railway. In getting the cattle started west they had became scattered or "strung out" to a considerable distance along the road, so that, when the young men had brought the rear of the herd about half the distance to the corner, several head of steers had reached the corner, and some of them had turned south and over the railway crossing. About the same time the drivers discovered the smoke of an engine apparently a half mile to the east and moving west, whereupon one of them, being mounted upon a horse, started down the track at a rapid pace to reach the crossing ahead of the engine and prevent a collision there if possible; but the speed of the engine, which did not stop at the station, was such that he was unable to accomplish his purpose. The engine passed him and collided with several of the cattle, killing two and injuring a third, and this action was brought to recover damages, on the theory that the accident was the result of the defendant's want of reasonable care in the premises. The charge of negligence in the petition is based: First, on the act of the engineer in operating the engine at more than eight miles an hour on the station grounds in violation of the statute; and, second, that before plaintiff had reasonable time to get his cattle clear from the uninclosed station grounds the approach of said engine at such excessive speed and the sounding of its whistle frightened the cattle, causing some of them to go upon the track. He further alleges

that the track was free and clear from obstructions, and that the peril of the cattle on the crossing was seen, or could easily have been seen, by defendant's employees in charge of the engine in time to have avoided the injury. The defendant took issue by denial of the claim made in the petition, and there was a trial to a jury.

There was no motion to direct a verdict; but on request of the defendant the court gave the jury five instructions, as follows:

(1) The fact the cattle in question had arrived at the station over the road of defendant is entirely immaterial upon the question of defendant's liability. The situation is no different from what it would have been had plaintiff's sons been driving the cattle along the same road which had not been shipped over defendant's railway. (2) Defendant is not to be found guilty of negligence because of the speed with which the train approached the crossing, unless the employees saw, or in the exercise of ordinary care should have seen, indications which should have caused a reasonably prudent man to anticipate that a part of the drove of cattle were likely to attempt to cross the railroad track, and to be struck by the train. In the absence of any such indications of danger, the engineer would have the right to pass over the crossing at any rate of speed consistent with the safety of the train. (3) Even if you believe from the evidence that defendant's employees saw, or in the exercise of ordinary care should have seen, a number of cattle at or in the immediate vicinity of the point where the east and west highway joins the north and south highway, still, under the evidence in this case, that fact would not require of the engineer that he stop or slacken the speed of the engine, unless there was something in the conduct or appearance of the animals to indicate to an ordinarily cautious and prudent man that they would be likely to get upon the track and become injured. The engineer would not be bound to assume, because the cattle may have been seen at the corner, that there might be other cattle between the corner and the track and out of his sight, and to stop or slacken the speed of the train to avoid the danger of striking cattle which might be out of

his view. (4) The only matter which you are to consider upon the question of defendant's negligence is whether the engineer failed to use such care to avoid the accident as a reasonably careful and prudent man would have used under the circumstances after the danger to plaintiff's cattle became known to him, or after such danger should have become known to him in the exercise of ordinary care and prudence. All other charges of negligence in the petition are withdrawn from your consideration. (5) If the defendant's employees failed to use ordinary and reasonable care to avoid injury to the cattle after actually discovering the cattle, and the accident resulted from their failure so to use such care, then defendant is liable, and your verdict should be for plaintiff.

Two other instructions were asked on the law relating to contributory negligence and refused. In charging the jury on its own motion the court did not instruct upon the question of contributory negligence, but on the question of defendant's negligence said that the burden was on plaintiff to show that the engineer knew, or by the exercise of reasonable care would have discovered that the cattle were likely to enter upon the crossing and be injured by the engine, and knew, or in the exercise of reasonable care ought to have discovered, such peril in time to have reduced his speed and avoided the injury, then defendant was liable; but if such facts had not been established by the evidence the plaintiff could not recover. This thought was repeated in various forms of expression, among which we quote the following paragraph as stating the sum and effect of the charge in the words of the court: "(5) It is for you to say from the evidence within what distance the said engineer, exercising reasonable care and prudence with the means at hand, would have stopped or slackened the speed of his engine, sufficient to have avoided such injuries. If you fail to find that such engineer discovered, or should have discovered, the danger of injuring such cattle in time to have avoided such injury, if making rea-

sonable effort so to do, your verdict should be for defendant; but if you find such matters, as well as such other matters hereinbefore stated, as necessary to a recovery, established, you will then determine the amount to which he is entitled." The jury returned a verdict for plaintiff for the amount of damages claimed by him.

The argument of appellant in this court is directed to two propositions, to which we shall refer.

I. Error is assigned and earnestly argued upon the refusal of the court to instruct the jury concerning the ordinary rules of law relating to the effect of contributory negligence. It is to be conceded that the record in this respect is a very unusual one, and that in an action grounded upon a charge of negligence it is ordinarily reversible error to omit instructions upon the duty of plaintiff to show himself free from any want of reasonable care contributing to the injury of which he complains. Such ought to be the holding in this case, unless it shall appear that the cause was submitted in such a manner and with such instructions that no prejudice could have arisen to the defendant from the omission. The apparent explanation of the court's action in the premises is that it regarded the plaintiff guilty of contributory negligence as a matter of law in permitting the cattle to get away from the control of their drivers and enter upon the railway track, and that defendant could only be held liable in the event of a finding in plaintiff's favor under an application of the "last fair chance" doctrine. Assuming this to be the case, and we see no other way to construe the record, the defendant can not assert prejudice in the omission to charge specifically upon the subject of contributory negligence. The company was given the full benefit of conceded or conclusively established contributory negligence by plaintiff, and was only required to contest the question whether it discovered, or ought to have discovered, the peril to which the negli-

*1. RAILROADS: contributory negligence: instructions.*

gence of plaintiff had exposed the cattle in time to have avoided the collision; and this we shall see in the next paragraph of the opinion was the one issue to which the jury were confined on motion of the defendant.

II.   Error is next assigned upon the charge of the court that defendant would be liable not only for the result of the engineer's failure to make reasonable exertions

2. SAME: requested instructions: estoppel.

to avoid the accident after discovering the danger to the cattle, but also for his failure to exercise reasonable care in discovering such danger.   The question thus suggested is an interesting one, and as applied to cases of this kind, where the injury occurs upon a public crossing, has recently had some consideration at the hands of this and other courts; but the record as here made does not warrant us in reopening the discussion.   The instruction which holds the engineer negligent if he saw, or in the exercise of reasonable care ought to have seen, the cattle in time to have avoided the injury and failed so to do, states the very rule of the instructions which were prepared by the defendant and given to the jury at its request.   By reference to the second of these requests which are hereinbefore quoted, it will be seen that upon defendant's solicitation the jury was told that defendant is not to be found guilty of negligence "unless the employees saw, or in the exercise of ordinary care should have seen, indications which should have caused a reasonably prudent man to anticipate" the danger of collision; and again, in the fourth paragraph also given at the defendant's request, we find the following: "The only matter which you are to consider upon the question of defendant's negligence is whether the engineer failed to use such care to avoid the accident as a reasonably prudent man would have used under the circumstances after the danger to plaintiff's cattle became known to him, or after such danger should have become known to him in the exercise of ordinary care and prudence.   All other

charges of negligence are withdrawn from your considera-
tion." It hardly needs citation of authorities to sustain
the rule that a judgment will not be reversed for error of
law in an instruction given at the appellant's request.
Such instruction stands as the conceded law of the case
without regard to its correctness or incorrectness as an
abstract proposition. See cases cited in McClain's Digest,
2115.

No prejudicial error has been pointed out, and for
the reasons stated the judgment of the district court is
*affirmed.*