WESLEY WARD, Appellant, v. EVELYN ZERZANEK et al.,
Appellees.

No. 44559.

January 9, 1940.

R. S. Milner and John D. Randall, for appellant.

Grimm, Elliott, Shuttleworth & Ingersoll, Hal W. Byers, and McMartin, Herrick & Langdon, for appellees.

Stiger, J.—Defendants' motion to dismiss appeal is overruled. In the city of Cedar Rapids, Twelfth Avenue Southeast runs east and west. In the center of this avenue, which is 40 feet wide, there is a single streetcar track. Tenth street runs north and south and intersects Twelfth avenue. Ninth street runs in a southeasterly direction and intersects Twelfth avenue about 30 feet west of Tenth street. Between Tenth and Ninth streets there is a flatiron-shaped building. The accident occurred at the west side of the intersection of Tenth street and Twelfth avenue near the north curb of Twelfth avenue. Plaintiff was employed as a section hand for the Chicago & N. W. Railway Company. Miss Zerzanek was employed in the Cedar Rapids Public Library and the other defendant, Miss Putnam, was a teacher in the Tyler school, one of the public schools of Cedar Rapids. The defendants owned a light brown 1934 Chevrolet coupe. Miss Putnam roomed at Miss Zerzanek's home where they both had their noon meals.

We will first consider whether plaintiff sustained his burden of proving that he was not guilty of contributory negligence and involved in this consideration is the important question whether, as contended by plaintiff, defendants were driving south on Tenth street just prior to the accident, or whether, as claimed by defendants, they were driving west on Twelfth avenue. Plaintiff's evidence is substantially as follows:

Plaintiff testified that about 12:45 p. m. on October 1, 1935, a clear day, he was walking south on the west side of Tenth street intending to proceed across Twelfth avenue and when he reached the north curb of Twelfth avenue he stopped and waited until a streetcar, approaching from the west, and an automobile, approaching from the east, had passed him. He then looked east and west on Twelfth avenue, and, observing no cars, started to cross south on Twelfth avenue. After he had taken about two steps he was struck by defendants' car. He did not know where defendants' car came from and did not see it until it struck him. Plaintiff's view on Twelfth avenue was unobstructed. He relies on the testimony of his close friend, Joe Novak, to prove that defendants were driving south on Tenth street just prior to the accident and turned west on Twelfth avenue striking plaintiff from the rear after they had turned the corner.

Mr. Novak operates a barber shop in the flatiron building. In his shop there are windows on Tenth street and Ninth street about 7 feet from the south end of the building. The window on Tenth street is about 20 feet from the north curb of Twelfth avenue. When he was washing his hands in a washbowl which was about 2 feet from the window he saw plaintiff walk south past his window and about "one-half minute later" and while he was standing at the window he saw a "kind of dark brown coupe" pass his window going south on Tenth street.

When he first saw the car plaintiff had "gotten out of his vision." The witness could not and did not see the accident, as there was no window on the south side of his shop. After he heard the "tires squeak" he went to the Ninth street window and saw plaintiff getting up off the pavement.

On direct examination he stated that the car he saw going by on Tenth street and making the turn to the west on Twelfth avenue was the same car that plaintiff was "getting up from the side of."

On cross-examination he testified:

"Q. So that the only distance you saw it was from that point to the curb line of Twelfth street, is that right? A. Twelfth avenue.

"Q. That is about 10 or 15 feet? A. About 10—15, or a little more.

"Q. That constituted the only vision you had of this car? A. That's all, yes.

"Q. What you could see with your eyes? A. Yes, sir."

His final statement on redirect examination as to the distance in which he observed the car is as follows:

"Q. About how many feet did the car travel during the time you observed it? A. What you mean how many feet?

"Q. How many feet did this car travel from the time you first saw it in that east window? A. She must be about 20 feet to my left hand and come to the corner like.

"Q. And you say that would be 20 feet? A. Be about 20 feet from that window to the corner."

Although this witness stated that he "saw and heard the car turn the corner", when called on to definitely state the distance in which he observed the car on both cross-examination and redirect examination he positively stated that the car, during the time he observed it, only traveled the 20 feet from the window to the curb on the north side of Twelfth avenue. He testified that he "barely got a glimpse" of the car as it went past his window. When he went to the scene of the accident he did not recognize the defendants as the same persons who were in the car when they passed the window. He stated he did not pay any attention to the color of the car and he was mistaken in the color.

Novak testified that the skid marks he observed on the pavement ran straight east from defendants' car on Twelfth avenue parallel with the streetcar tracks, which statement is in harmony with defendants' contention that they were driving west on Twelfth avenue just prior to the accident and applied the brakes immediately upon striking plaintiff and is inconsistent with Novak's statement that defendants' car stopped about 30 feet *southwest* from the sidewalk on the west side of Tenth street where plaintiff was struck, indicating the car went in a southwesterly direction after it turned the corner and hit the plaintiff.

Plaintiff introduced in evidence the report of the accident made by defendants to the police department which stated "Miss Zerzanek, driver of the car, reports that she was driving west on Twelfth Avenue Southeast" etc.

We will briefly review defendants' evidence. Miss Putnam did not drive the automobile. Following their custom, Miss Zerzanek, upon leaving the library on the day of the accident, stopped for Miss Putnam at the Tyler school which was one block west of the place of the accident and then drove to her home for luncheon. After luncheon, Miss Zerzanek and Miss Putnam started back to their work taking their usual route which was the closest and best way of returning to the school and library from the Zerzanek home. After proceeding for some distance in a southwesterly direction they drove south on Fifteenth street, which is one block east of Tenth street, and when reaching Twelfth avenue turned west on.Twelfth avenue. When they reached the west side of Tenth street and their car was about 4 feet from the north curb of Twelfth avenue and moving at a speed of about 18 miles per hour, plaintiff was struck as he started south across Twelfth avenue from the west sidewalk of Tenth street.

Frank Unzeitig, a disinterested witness, testified for defendants that on the day of the accident he turned west from Fifteenth street onto Twelfth avenue and followed defendants' car, at about a distance of 30 feet, west on Twelfth avenue to the place of the accident.

The conclusion of the witness Novak, that the car he saw going past his window and around the corner was the same car that he saw plaintiff "get up from the side of" after it had stopped on Twelfth avenue, is not supported by his testimony on which his conclusion is based.

We conclude the witness was mistaken when he stated that he saw the car turn west at the corner and was the same car that caused the accident. The only conclusion that could reasonably be drawn from the record is that defendants were driving west on Twelfth avenue, and a verdict which under instructions would depend on the testimony of Mr. Novak that defendants were driving south on Tenth street prior to the accident could not be sustained.

Plaintiff complains that the trial court overruled the motion for directed verdict at the close of plaintiff's evidence and sustained it at the close of all the evidence, and Novak's testimony was sufficient to take the case to the jury, and that defendants, after introducing their evidence, could not claim that the case

should be taken from the jury. We will concede, but do not hold, that if there was evidence from which it could be found that defendants were driving south on Tenth street that the question of plaintiff's contributory negligence would be for the jury.

Assuming the correctness of plaintiff's contention that at the close of plaintiff's evidence Novak's testimony was sufficient to take the case to the jury, the case falls within the rule stated in McGlade v. City of Waterloo, 178 Iowa 11, 156 N. W. 680.

With reference to the rule that if at the conclusion of plaintiff's testimony there is sufficient evidence to take the case to the jury, a defendant cannot claim at the close of his evidence there is nothing for the jury to determine, the opinion states, 178 Iowa, l. c. 14, 156 N. W., l. c. 681:

"But there are some exceptions to this rule. For example, if the testimony offered by the party having the burden, is in conflict with undisputed facts, and especially with physical facts which are a verity, or is such that, under all the circumstances, it cannot, in the nature of things, be true, or is such as that it is entirely and wholly inconsistent with any other theory than that the witnesses must have been mistaken, the trial court is justified in directing, and it is its duty to direct, a verdict for the other party." See Bowermaster v. Universal Prod. Co., 221 Iowa 831, 266 N. W. 503.

But we are of the opinion that, recognizing the most favorable view of the evidence rule, plaintiff's evidence was not at any time during the trial sufficient to establish his contention that defendants were driving on Tenth street. See Glendy v. National Trav. Assn., 180 Iowa 572, 163 N. W. 352.

We concur in the finding of the trial court that plaintiff was guilty of contributory negligence as a matter of law. He testified that he looked east and west on Twelfth avenue and then started to cross the street and after he had taken about two steps from the curb he was hit by defendants' car. Defendants' car must have been a very short distance east of him when he proceeded across the street. The car was in plain sight and if he looked he would have seen it. Under the circumstances, he was guilty of contributory negligence. Sheridan v. Limbrecht, 205 Iowa 573, 218 N. W. 278.

Plaintiff invoked the last clear chance doctrine but there is no evidence that defendants, after discovering that plaintiff was in a perilous position, could, in the exercise of reasonable care, have avoided the accident.

Novak did not see the accident and plaintiff did not see defendants' car prior to the collision. The defendants and Unzeitig testified that plaintiff was standing in a position of safety near the north curb of Twelfth avenue on the west side of the intersection and, without looking, walked directly into defendants' car, he at no time being in front of the car.

Plaintiff complains because he was not permitted to testify to his opinion of the speed defendants' car was moving at the time of the accident, based solely on his observation of skid marks. The ruling of the trial court was right.

We have many times held that though a witness may describe the marks the inference to be drawn from them is solely the province of the jury. McKeever v. Batcheler, 219 Iowa 93, 257 N. W. 567; Nelson v. Hedin, 184 Iowa 657, 169 N. W. 37.

The only competent evidence of speed in the record is that Miss Zerzanek was driving at about 18 miles per hour. Plaintiff left his position of safety and walked into the car. Plaintiff's negligence was the proximate cause of the accident and under the circumstances the rate of speed of defendants' car was not material. Howk v. Anderson, 218 Iowa 358, 253 N. W. 32.

It is obvious the negligence of the plaintiff and not the negligence of defendants, if any, was the proximate cause of the accident.—Affirmed.

HAMILTON, C. J., and SAGER, MILLER, RICHARDS, MITCHELL, HALE, and BLISS, JJ., concur.

OLIVER, J., dissents.