## MILLER v. PIQUA TRANSFER & STORAGE CO.

Common Pleas Court, Butler County.

No. 57459.   Decided March 29, 1950.

Mark T. Brown, Hamilton, for plaintiff.
Rendigs, Fry & Kiely, Cincinnati, for defendant.

## OPINION

By CRAMER, J.
This cause is before the court upon the motion of the defendant to set aside the verdict of the jury herein and for a new trial.   The jury in this cause returned a unanimous ver-

dict in favor of the plaintiff and against the defendant in the sum of $10,000.00 under the first cause of action and the sum of $454.00 under the second cause of action.

Plaintiff's action was based upon claimed negligent conduct on the part of the defendant, through its driver, which resulted in personal injuries to himself and property damage.

While the defendant assigns several grounds for the sustaining of its motion for a new trial, it only urges one with any seriousness. That ground is that the court erred in rejecting evidence offered by the defendant upon surrebuttal. The rejection of this evidence came about as a result of the following developments in the trial:

Plaintiff contends that the truck and trailer outfit driven by the defendant's agent collided with the rear of his automobile as he was passing a bus which had stopped to discharge passengers. The defendant contended that plaintiff cut around to pass this bus and then when the front of plaintiff's car was about even with the front end of the bus, that plaintiff applied his brakes and stopped suddenly and without signalling, and that the collision then occurred between plaintiff's car and the defendant's equipment.

The bus driver testified that the plaintiff made such a stop and that the collision was almost simultaneous with it. On cross-examination he was asked as to a prior statement made by him, inconsistent with his statement on the stand, made a few days before the trial to plaintiff, plaintiff's friend, and Mr. Brown, counsel for plaintiff. This witness denied making any such inconsistent statements. In rebuttal, both the plaintiff and his friend testified that a few days before trial they went to the scene of the accident with the bus driver and that at that time he stated to them that the plaintiff did not stop.

In surrebuttal, the defendant offered to read into evidence certain questions and answers in a deposition of the bus driver, which was taken some time in 1944 when the bus driver was stationed in an Army Camp. The answers to those questions put to the bus driver in the deposition were consistent with the testimony given by him from the witness stand. The court, over the objection of the plaintiff, rejected the statements made by the bus driver in the deposition. The defendant contends that the refusal of the court to permit the introduction of this evidence offered by it on surrebuttal constituted prejudicial error against it, requiring the setting aside of the verdict of the jury.

In support of that contention counsel for defendant has submitted a memorandum wherein, among the authorities

cited, are found Wigmore on Evidence, 3rd Edition, Volume 4, Section 1126, and an exhaustive note in Volume 140, A. L. R., commencing at page 22. This A. L. R. note is likewise cited by counsel for plaintiff in his memorandum. Furthermore, both parties cited, as supporting their respective contentions, the case of **Cincinnati Traction Company v. Stephens, 75 Oh St page 171,** 79 N. E. 235.

It is the claim of the plaintiff that Ohio is listed both by Wigmore and in the A. L. R. note as following the general weight of authority rejecting the evidence proffered by the defendant. In addition, plaintiff contends that the Traction Company case supra establishes Ohio as following the general rule and is authority for the rejection of this evidence.

The defendant contends that this case is by no means authority for that proposition since the decisive factor in the case was the fact that the witness admitted making statements prior to and inconsistent with her testimony on the stand.

There is considerable merit to this contention of the defendant in view of the following language of the court found on page 182 of **75 Oh St,** on page 237 of 79 N. E.: "Under the circumstances of this case, the making of the inconsistent statements being admitted by the witness, proof of prior statements consistent with the statement of the witness on the trial, for the purpose of corroborating and sustaining the credit of the witness, is irrelevant, because it would not prove the truthfulness of the witness, nor the reliability of her recollection, nor that there was no inconsistency between the two statements."

It has been held: That an admission by a witness of the making of an inconsistent statement precludes the admission of prior consistent statements to rebut the making of self contradictions since, under such circumstances, the only purpose of the prior consistent statement would be to corroborate the present testimony on the theory that its repetition is conducive to the truth of its assertion, which would certainly violate the hearsay evidence rule. See Sweazey v. Valley Transport, 6 Wash. 2d 324, 107 P. 2d 567, 111 P. 2d 1010, 140 A. L. R. page 1.

It is interesting to note that the lower court in the Traction Company case supra **(7 Ohio Cir. Ct. R., N. S., 454)** had admitted the evidence—which the Supreme Court rejected—on the theory of refuting a charge of recent fabrication. However, it should be noted in this connection that the consistent statements made by the witness were made after and not before the self contradictory ones.

It is true that the weight of authority is to the effect that when the credibility of a witness is assailed because, on some former occasion, he has made statements that differ from his statements under oath at the trial, his sworn testimony may not be corroborated by proof that on other occasions, and at other times his statements were in harmony with his testimony. 140 A. L. R., page 49; Jones on Evidence, 4th Edition, Vol. 3, Sec. 869, p. 1612; 41 L. R. A., N. S., p. 878; 58 American Jurisprudence, Sec. 817, p. 457; Vol. 39, Harvard Law Review, p. 259; 46 Harvard Law Review, p. 1157, 58, 59.

However, certain exceptions to the general rule that prior consistent statements of a witness are not receivable in evidence to corroborate or support him are recognized generally in the case of an impeached witness, at least where the impeachment takes the form of recent fabrication, etc., as distinguished from impeachment by prior inconsistent statements. Vol. 58, American Jurisprudence, page 459 and 60; Jones on Evidence, 4th Edition, Vol. 3, Sec. 870; 140 A. L. R. page 93; 41 L. R. A., N. S., page 889.

The great weight of authority is to the effect that the principle exception to this general rule of inadmissibility is the one that where the testimony of the witness is assailed as a fabrication of recent date, in order to repel such imputation, proof of prior declarations of the witness consistent with his testimony may be received.

The collision between the vehicle of the plaintiff and that of the defendant took place in 1943. The bus driver's deposition was taken in 1944 and he testified in this case which was tried in January 1950. It thus appears that his prior statement consistent with his testimony was made some six years before the trial and within a year following the accident and some six years prior to the time when he is alleged to have made inconsistent statements. It would therefore appear that his testimony in the trial was assailed "as a fabrication of recent date," which constitutes one of the exceptions to the general rule of exclusion of declarations made out of court. As is stated in Volume 58, American Jurisprudence, at pages 464-5, "A charge of this character (a recent fabrication) need not necessarily be made by an express statement to that effect. It may be enough to impute or insinuate that the testimony is of recent fabrication or is given with improper motives."

"There need be no express attack upon the witness' story as a recent fabrication; it is sufficient if the evidence discloses an attempt to impeach." Sweazey v. Valley Transport, 6 Wash. 2d 324, 107 P. 2d 567, 572, 111 P. 2d 1010, 140 A. L. R. 1, and the cases therein cited.

It therefore appears that the court would have been warranted in permitting the proffered prior consistent statements of the defendant's witness. However, it is our view that the trial judge—and there is ample authority to sustain this view—is allowed a reasonable discretion in receiving or rejecting evidence of prior consistent declarations of a witness; and that only where the rejection of such evidence clearly appears as an abuse of discretion should such rejection constitute error.

We are further of the opinion that even if the court were in error in rejecting this proffered evidence, that such action was not prejudicial to the extent that this verdict should be set aside and a new trial granted. The most that could be said for the testimony of the bus driver given in chief was that it corroborated the testimony of the defendant's driver who likewise testified that the plaintiff stopped without signalling. It is true that the bus driver is disinterested, but that of course neither strengthens nor weakens his testimony as such. The defendant's driver was not a party to the action and to that extent was disinterested also.

In addition, even though it was shown that plaintiff stopped without signalling while in the act of passing the bus, it doesn't follow as a matter of law that such conduct on his part constituted contributory negligence so as to defeat a recovery by plaintiff. In that event it still remained for the jury to determine whether or not such negligence of the plaintiff proximately contributed to the injuries and damages he claimed to have received.

Furthermore, the fact that the bus driver made prior statements consistent with his testimony would not corroborate that testimony, but would merely tend to support his denial of having made inconsistent statements. In other words, the rejected evidence was not vital to support the defendant's defense, but if received would have been merely accumulative since it was merely a reiteration of what the bus driver had already testified to.

It is our opinion, therefore, that even if the court was in error in refusing to allow the proffered evidence on sur-rebuttal, that such error was not prejudicial. The motion for new trial will, therefore, be overruled.