ALBERT HAMDORF, administrator of estate of Marie Hamdorf, deceased, appellee, v. F. CHARLES CORRIE, appellant.

No. 49879.

(Reported in 101 N.W.2d 836)

898

March 8, 1960.

Rehearing Denied May 6, 1960.

Edward C. Halbach, of Clinton, and Sebesta & Kuehnle, of Mechanicsville, for appellant.

Otto L. Schluter and David M. Elderkin, both of Cedar Rapids, for appellee.

THORNTON, J.—This wrongful death action arose out of a collision between two automobiles on U. S. Highway No. 30 on July 12, 1957, at about 3:30 p.m. a mile and one half east of Lisbon in Cedar County. One of the autos was a 1955 Ford sedan that had been traveling east on said highway and was driven by Albert Hamdorf, and his wife, Marie Hamdorf, was riding with him as a passenger in the right front seat. The other car was a 1955 Plymouth station wagon owned by defendant, F. Charles Corrie, and driven by his wife, Louise Rose Corrie. The injuries received by Mrs. Hamdorf and Mrs. Corrie were fatal. Mr. Hamdorf was severely injured.

Plaintiff-administrator brings this action seeking damages for Mrs. Hamdorf's death on the theory Mrs. Corrie was negligent in driving the Corrie car across the center line of the highway onto the wrong side and into the Hamdorf car. The jury returned a verdict of $20,000. Defendant's motion for a new trial was overruled and he appeals.

Defendant urges fifteen grounds for reversal. Where possible we will consolidate our discussion of the grounds urged.

I. Plaintiff started a number of actions arising out of this collision. The reason for all of them is not too apparent. Some of them have been dismissed by plaintiff. Defendant contends the present action is within rule 215, Rules of Civil Procedure, as there had been two voluntary dismissals of this action and the trial court should have sustained his motion to dismiss. This action is brought by plaintiff as administrator and against F. Charles Corrie individually as the owner of the station wagon driven by his wife. If there had been two prior voluntary dismissals of this action defendant's contention must be sustained. However we find plaintiff as administrator has started only one other action against the defendant as an individual, case No. 22940 in Cedar County, in which action he also

joined defendant as administrator. As an administrator he has also filed a claim in the estate of Louise Rose Corrie, this of course is not against defendant as an individual. Both case 22940 and the claim mentioned were dismissed by plaintiff, and defendant contends he, as an individual and as administrator, stands in such privity that a suit against one is a suit against the other.

Rule 215 provides: "* * *; but if made by any party who has previously dismissed an action against the *same defendant*, in any court * * *, including or based on the same cause, such dismissal shall operate as an adjudication against him on the merits, * * *." (Emphasis added.)

There is no provision as to standing in privity and to read such into the rule would be a plain departure from its terms. The motion was properly overruled.

██ ██ II. Defendant complains of the overruling of his motion to consolidate this action, No. 23003, with case No. 22939, an action by plaintiff here in his individual capacity against defendant here as an individual and as administrator, in which defendant as an individual filed a counterclaim, and case No. 23002, another action by plaintiff individually against defendant individually, in which defendant filed a counterclaim individually, or in the alternative merely consolidate No. 23002 with the present action. At the time this motion was filed case No. 22939 had already been abated and plaintiff had filed a dismissal. The trial court might well have sustained the motion to consolidate case No. 23002 and this action. Since the amendment to rule 185 an objecting party is required to show prejudice if the trial court desires to exercise its discretion. However, this amendment in no way limited the discretion of the court in ordering a consolidation, it eliminated the absolute power of veto in favor of the exercise of judicial discretion. See Author's Comment to rule 185, 1958 Pocket Part, Volume 2, Cook's Iowa Rules of Civil Procedure. We have held the trial court's exercise of discretion to bring in a third party defendant under rule 33(b) presents for our consideration not whether we would have exercised judicial discretion as did the trial court, but whether the court went beyond its fair discre-

tion. Best v. Yerkes, 247 Iowa 800, 816, 77 N.W.2d 23, 33, 60 A. L. R.2d 1354. The Federal Courts in passing on Federal Rule of Civil Procedure 42(a), comparable to our rule 185, so hold. Whiteman v. Pitrie, 5 Cir., 220 F.2d 914, 918; and MacAlister v. Guterma, 2 Cir., 263 F.2d 65, 69. The mere fact it would be possible and perhaps not too difficult to try the actions together does not indicate the trial court went beyond its fair discretion.

III. Defendant assigns error in the admission of testimony of Mr. Lyle Dickinson, a highway patrolman, as an expert or skilled observer, as to the point of impact and the giving of an instruction on expert testimony and the consideration to be given such testimony. As to the instruction, defendant requested one on the same subject matter and in his objection to the instruction as given restated his objection to the foundation, qualifications of the witness, and the testimony would invade the province of the jury, and concluded by requesting an amplification contained in his request. It is sufficient to say a proper objection was not raised in the trial court and where a party requests an instruction and the court substantially instructs as requested such instruction became the law of the case. In re Estate of Iwers, 225 Iowa 389, 397, 280 N.W. 579; and Grosjean v. Chicago, M. & St. P. Ry. Co., 146 Iowa 17, 23, 123 N.W. 162.

The record relating to the opinion testimony of Dickinson is not satisfactory from defendant's standpoint. When he was called as a witness a number of exhibits were already in evidence showing the scene of the accident and the conditions existing there. Plaintiff had placed an "X" on Exhibit P-1 at the east end of a skid mark to indicate the place of impact, and a photographer, Mr. L. J. Burianek, had testified that skid marks 36 feet long on the south, or plaintiff's side of the highway, led up to the "X" on Exhibit P-1. The same skid marks were also shown on Exhibits P-4, P-13 and P-14 and an "X" had been placed on Exhibit P-9 by the witness, Burianek, to correspond to the "X" on Exhibit P-1.

After testifying he had been a member of the State Highway Patrol eleven and one-half years, the number of accidents

investigated by him would run into the hundreds, his attending traffic control school in 1947 and four times since, and to his observation at the scene, the following took place:

"Q. Now is the particular skid mark that you referred to shown on plaintiff's Exhibit 1? A. Yes, it is right there.

"Q. And where did that lead, Mr. Dickinson? A. This skid mark led up to where I claim the point of impact was.

"Mr. Sebesta: If the Court please, that about what he claims is an opinion—

"The Court: He can testify where in his opinion the point of impact was, and then he can be asked again the question where the skid marks ran in relation thereto. We will sustain the objection at the present time."

█ The objection was made after the question was answered and a motion to strike the testimony was not made. The evidence stands. The statement of the trial court and his ruling sustaining the objection are inconsistent, but the ruling does not have the effect of striking the testimony. Weilbrenner v. Owens, 246 Iowa 580, 586, 68 N.W.2d 293, 296; and Ducummon v. Johnson, 242 Iowa 488, 496, 47 N.W.2d 231.

█ Later Dickinson was asked his opinion as to the point of impact based on his training, experience and observations. He was allowed, over objection, to mark the spot on an exhibit. From the record it is clear this is the same point of impact he claimed in the testimony above set out. The situation here is similar to that in Nielsen v. Wessels, 247 Iowa 213, 229, 230, 73 N.W.2d 83, 92. In the Nielsen case the trial court refused to allow a highway patrolman to testify to the point of impact over objection. We there said at page 229 of 247 Iowa and page 91 of 73 N.W.2d:

"* * * we may say, without so ruling, that the court might well have permitted him to answer, whether the witness be considered to be an expert or nonexpert. The ruling on the objection was largely in the discretion of the trial court." (Citing authorities)

And we went on to say the adverse ruling was without prejudice because the witness had previously been asked without objection this question: " 'As you stood there that day,

could you determine where the point of impact was?' He answered, without objection: 'I would say, from my own observation, personally, it was on the south side of the center line.'"
The differences in Nielsen and the instant case are slight. In Nielsen the patrolman had already testified to the accident being on the south of the center line from his total observations. Here the patrolman had placed the point of impact at the east end of the skid mark he had described. The effect is the same in each instance, the patrolman has fixed the point of impact from his observation, in fact it is repetition. No prejudicial error appears. For a discussion of point of impact cases see: Annotation, 66 A. L. R.2d 1050, 1075.

Mr. Dickinson also testified over objection: "Well, I claim that that car was like that, and the Corrie car was coming across in front of it, and they hit like that."

The record shows the officer placed toy cars on the south side of the highway as shown on the plat in evidence to illustrate this testimony. The situation here presented is close to that in Brower v. Quick, 249 Iowa 569, 88 N.W.2d 120, wherein a highway patrolman testified in answer to a hypothetical question it would be the natural tendency for the Quick car to be thrown around to the left side of the pavement and that it would bounce from the visible marks to the place it came to rest. We held there the trial court did not abuse its discretion in admitting such testimony and such is applicable here.

■ The condition of the cars had been described and photographs showing such condition had been placed in evidence. However, the untrained eye could not readily determine the manner in which these vehicles came together. We think the opinion testimony of the officer would fairly assist the jury. See Brower v. Quick, supra, and citations.

■ IV. Defendant assigns as error the admission in evidence of Exhibits P-9, P-10 and P-15. His contentions are the "X's" on Exhibits P-9 and P-15 are the opinion and conclusion of the witness as to the point of impact, and arrows on Exhibit P-10 constitute an undue emphasis on certain facts and no foundation was laid for such evidence, and on Exhibit P-15 a broken line was used to indicate a skid mark not shown to be

connected with the cars in the accident. The record does not bear out these contentions. Exhibit P-9 was a photograph taken by the witness Burianek. The trial court sustained objections to the exhibit until the "X" was properly explained. Burianek testified in part as follows: "* * * Where the X is on plaintiff's Exhibit-1 it was covered with a rusty solution, fine glass and a lot of fine dirt and there were some fine metal parts like parts of a bolt and that sort of thing. I have marked an X on plaintiff's Exhibit 9 in that area."

And speaking of Exhibit P-10 he said, "* * * Plaintiff's Exhibit 10 was taken with the camera facing southeast, you can see these scratches that run in a northwesterly direction. I have put two arrows, one on each side of the scratches, * * *."

And relative to Exhibit P-15, a scale plat of the scene prepared by the witness, he testified, "* * * I see the blue mark 'X' in Exhibit 1. That 'X' is in very close proximity with the 'X' in plaintiff's Exhibit 15 and would be this roadway in here."

And he further testified, "I have indicated by a broken line the distance that that particular skid mark that I just described and which is shown on Exhibit 1. In Exhibit 15 it is a broken line just south of the center that is the center line and this is the skid mark that is indicated by this broken line."

It is plain from the foregoing the matters complained of were illustrative of the testimony and not the opinion and conclusion of the witness and properly admitted. Wigmore's Code of Evidence, Third Edition, Rule 97, Article 2, pages 153 and 154; Conrad, Modern Trial Evidence, Volume 1, sections 751, 752, 753, pages 632, 633, 634; Coonley v. Lowden, 234 Iowa 731, 12 N.W.2d 870; and Faatz v. Sullivan, 199 Iowa 875, 878, 879, 200 N.W. 321. The trial court sustained objections to each of the exhibits until the marks thereon were explained and identified. It should be noted the witness arrived at the scene within an hour of the collision and made observations and took pictures. He testified to observing the skid mark above referred to, and when he testified it was a portion of plaintiff's skid mark a motion to strike was sustained. It is not improper for the witness to testify to his observations at the

scene including marks on the pavement. Thornbury v. Maley, 242 Iowa 70, 77, 45 N.W.2d 576; and Ward v. Zerzanek, 227 Iowa 918, 924, 289 N.W. 443.

V. Next defendant complains of the trial court's refusal to strike the testimony of the witness, Mr. Burianek, as follows:

"* * * There were some tire marks that started back here the other side of Tonne's but they could not be considered as brake marks."

The contention is the witness was not qualified to give such an opinion. The testimony contains an opinion but it is the conclusion drawn from facts of common observation. Previously the witness had testified to skid marks and was here trying to express a difference in the appearance of the marks. The testimony was not improper. Brady v. McQuown, 241 Iowa 34, 37, 40 N.W.2d 25; and Waterloo Savings Bank v. Waterloo, Cedar Falls & Northern R., 244 Iowa 1364, 1374, 60 N.W.2d 572.

VI. Defendant contends the verdict of $20,000 is excessive, not warranted by the evidence, and the result of bias or prejudice. Section 613.11, Code of Iowa, 1954, provides damages may be recovered for the negligent death of a woman the same as for a man, and "In addition * * * her administrator * * * may recover for * * * the value of her services as wife, or mother, or both, as the case may be, in such sum as the jury deems proper; * * *." The only elements of damage submitted to the jury were for loss of services as a wife and mother and for interest on the funeral expense for the time it was prematurely incurred. The evidence shows decedent was 61 years old at the time of her death and had a life expectancy of 13.88 years. Her husband, the administrator, was 68 at the time of the accident. She was the mother of five children, two of them still minors at the time of the accident, a son 20 years of age, working away from home and returning home on week ends, and a daughter 18 years of age living at home at the time of the accident but was taking a three-month course in personnel training away from home when her father returned from the hospital after recovering from injuries received in the accident. She was a normal, active woman in good health who performed all of

the necessary services of a wife and for the minor children to the extent they would be in the home. There is no showing of services performed for the two minor children at any other place. There was evidence of her prior service as a wife when the couple were farming and of services rendered the children, also that she was active in church and lodge work. This evidence was received without objection and tends to prove she performed services as a wife and mother faithfully and would do so in the future. There is evidence that decedent would perform some services for the minor son and daughter. There was no request for instruction excluding services to adult children and no objection to instruction on that ground. The objection made was there was no one other than the husband who suffered any loss to any extent. The evidence indicates more than nominal services would be performed for the two minor children.

Defendant claims the evidence of the children and neighbors relating to the services performed by decedent and her work in lodges and church was introduced solely to show passion and prejudice. We think not. The evidence was admissible for a proper purpose as above indicated.

The allowance of damages is primarily for the jury and we should not interfere unless it clearly appears the verdict is the result of passion and prejudice, or is unconscionable or clearly not warranted by the evidence, Soreide v. Vilas & Co.; 247 Iowa 1139, 1153, 78 N.W.2d 41; and Von Tersch v. Ahrendsen, 251 Iowa 115, 123, 99 N.W.2d 287, 292; or the amount allowed failed to administer substantial justice. Ferris v. Riley, 251 Iowa 400, 101 N.W.2d 176.

From an examination of the entire record we cannot say it clearly appears the verdict is the result of passion and prejudice or is unconscionable or fails to administer substantial justice. In fact we fail to find anything that so indicates. This leaves for our consideration the evidence supporting the verdict. As above pointed out some amount other than nominal could properly have been allowed for loss of services for the two minor children and interest on the funeral expenses. Disregarding these amounts and considering the entire $20,000

for loss of services to the husband there is substantial support in the evidence. The jury could reasonably conclude the wife and husband would be together, based on life expectancy and other factors in the evidence, from eight to ten years. This would allow between $2500 and $2000 per year for such services. We are not prepared to say such amounts are excessive, or substitute our judgment for that of the jury. The mere fact we might if sitting as triers of fact have reached a lesser amount does not warrant our interference here under the authorities above cited.

Comparison of verdicts is not satisfactory in examining an award. Soreide v. Vilas & Co., supra; Hackman v. Beckwith, 245 Iowa 791, 807, 64 N.W.2d 275, and citations. However, the following cases indicate the award here is not improper: In Wiese v. Hoffman, 249 Iowa 416, 86 N.W.2d 861 (1957), a $10,000 verdict was sustained for a 17-year-old high school girl where the only element of damage submitted was pecuniary loss to the estate. In Thornbury v. Maley, 242 Iowa 70, 45 N.W.2d 576 (1951), an $11,250 verdict was sustained for a 16-year-old high school girl, and again the only element of damage submitted was pecuniary loss to the estate. In 1934 a $6500 verdict was not considered improper for a 24-year-old wife and mother. Azeltine v. Lutterman, 218 Iowa 675, 254 N.W. 854. In 1930 a $10,000 verdict was reduced to $8500 by the trial court and to $6000 by this court for a 35-year-old wife with no children in Hanna v. Central States Electric Co., 210 Iowa 864, 232 N.W. 421. And in 1940 $7750 for a 47-year-old wife and mother of seven children was held not excessive in Stein v. Sharpe, 229 Iowa 812, 295 N.W. 155. We are not unmindful of DeMoss v. Walker, 242 Iowa 911, 48 N.W.2d 811, where a verdict of $100 was held not inadequate. In that case the decedent was a 77-year-old widow living on old-age assistance at the time of her death. Her living children were all adults living apart from her and there was no showing of any service for them. It was not urged the verdict was inadequate to compensate the estate for pecuniary loss. Considering the circumstances of the cases just cited and the instant one it seems clear the verdict is not so excessive as to call for our interference.

VII. Defendant next complains of Instruction No. 14 on the measure of damages. He first contends loss of services for the children should not have been submitted. What has been said in the preceding division shows there is evidence to support an award for the two minor children. Also defendant contends plaintiff's amendment did not specifically claim damages for loss of services and the loss to the husband should have been limited to his life expectancy. These matters were not urged in objecting to the instructions at the trial and cannot be considered here. Rule 196, Rules of Civil Procedure. Defendant also contends the instruction was incorrect in that it allowed the jury to make an allowance for the total amount of the funeral bill. We do not so read the instruction, it plainly provides for only the interest on the funeral expenses for the period the estate was compelled to pay such in advance of the normal date of death and concludes by cautioning the jury such allowance cannot exceed either the reasonable cost or $1039.31, the amount claimed therefor. The latter part is intended to caution the jury that in no event should the interest exceed the total expended for such expenses. Davidson v. Vast, 233 Iowa 534, 543, 10 N.W.2d 12. The portion of Instruction No. 14 relative to funeral expenses is identical with Instruction No. 6-J., Funeral Expenses, in the Uniform Jury Instructions Proposed by the Special Committee on Uniform Court Instructions of The Iowa State Bar Association.

VIII. Next, defendant complains the testimony of the witness, W. C. Hall, and of the patrolman, Mr. Dickinson, offered in rebuttal, was not proper rebuttal evidence. Certainly as to the testimony of W. C. Hall this is true. He testified to following plaintiff's car, seeing the two cars come together, to turning off the ignition in both cars. He also testified plaintiff's car was at all times on the right-hand side of the highway prior to the accident, and the position of the cars. Clearly these matters are properly testimony in chief. His testimony also showed he was there before the Babcock car and said car was out of sight around a bend to the west at the time of collision. These matters were rebuttal testimony but also admissible in chief.

The patrolman testified, when called in rebuttal, Mr. Babcock, one of defendant's witnesses, said he did not see the accident. This was certainly proper. Mr. Babcock had testified to the contrary. The remainder of the patrolman's testimony was explanatory and in no way improper. In considering this matter we have taken into consideration the showing made that plaintiff's counsel deliberately withheld the witness, Hall, and had him under subpoena for two days in the courtroom to see if the defense would make good the boast to present all available evidence. It would not have been improper for the trial court in his discretion to have refused to hear Hall's testimony. However, the reception of such evidence is within the sound discretion of the trial court. In re Estate of Shama, 245 Iowa 1039, 65 N.W.2d 360; and Robson v. Barnett, 241 Iowa 1066, 1071, 44 N.W.2d 382, and citations. And we have not been cited to, nor have we found, a case wherein the trial court was reversed for admitting evidence in chief on rebuttal.

IX. During the cross-examination of the witness, Hall, he was asked concerning prior statements relative to the accident made to the cross-examiner and concerning his conversation with other witnesses during his two-day wait at the trial, and he was interrogated as follows:

"Q. You have been sitting in the courtroom here every single day? A. That's right.

"Q. You have heard all the testimony? A. I have.

"Q. You even asked one of our witnesses yesterday whether he saw you at the scene of the accident? A. Maybe I did, I don't know."

The trial court felt the examination went to the credibility of the witness and the cross-examiner charged the witness with recent fabrication of his story. We agree.

On redirect examination plaintiff offered in evidence Exhibit P-17, an affidavit made by the witness shortly after the accident, a copy of which was at about that time given to the cross-examining counsel for defendant. This affidavit had been prepared with the assistance of one of plaintiff's counsel. The trial court admitted the exhibit for the sole purpose of accrediting the witness, not as substantive evidence of its contents.

The general rule is prior consistent statements are inadmissible as self-serving declarations, Seevers v. Cleveland Coal Co., 158 Iowa 574, 594, 138 N.W. 793, 801; and 58 Am. Jur., Witnesses, sections 817, 818, 819, pages 457, 458; however in the case of a witness whose story is attacked as being of recent fabrication such statements, either written or oral, are admissible in the discretion of the trial court. State v. Vincent, 24 Iowa 570, 575, 95 Am. Dec. 753; Spaulding v. Laybourn, 164 Iowa 277, 283, 145 N.W. 521; 58 Am. Jur., Witnesses, sections 828–833, pages 464–467; 98 C. J. S., Witnesses, section 648, page 676; and Miller v. Piqua Transfer & Storage Co., Ohio Com. Pl., 92 N.E.2d 452.

X. Defendant's witness, Peter A. Griner, was asked, "Did you hear the screeching of brakes on this particular afternoon just prior to the time this accident happened?" Plaintiff's objection to this testimony as being incompetent, irrelevant and immaterial, and having no probative value was sustained. Defendant's profert shows the answer would have been, "No." The court might well have allowed the answer. The witness had previously testified, Record, page 102, lines 14–19:

"* * * At the time of the crash we were not looking in that direction, we heard the crash, we did not hear any brakes or tires or anything. Just heard a thud. We were about a half a mile from the crash."

The identical evidence called for was before the jury by the same witness. No basis for reversible error appears.

XI. The trial court submitted lookout and control as grounds of negligence and defendant complains there is insufficient evidence to submit either of them and each instruction on these points was unduly emphasized. Plaintiff's evidence shows the westbound defendant's decedent crossed from the north side to the south side of the highway, more than halfway in the south lane, turned to go back, and then struck plaintiff. We have held turning in front of an oncoming car is evidence of failure to keep a proper lookout. Miller v. Stender, 251 Iowa 123, 130, 98 N.W.2d 338, 342; Law v. Hemmingsen, 249 Iowa 820, 829, 830, 89 N.W.2d 386; Hackman v. Beckwith, 245 Iowa

791, 802, 803, 64 N.W.2d 275; and Pazen v. Des Moines Transportation Co., 223 Iowa 23, 272 N.W. 126.

Plaintiff pleaded as one ground of negligence, "(d) In failing to have the car she was driving under control as required by section 321.288, Code of Iowa", and in the statement of issues the trial court so stated. However, in Instruction No. 6, the court said:

"It was the duty of Louise Rose Corrie to have the motor vehicle operated by her under control. The operator of a motor vehicle has the same under control if he has the ability to guide and direct its course of movement, fix its speed, and can, if the occasion demands, bring it to a stop with a reasonable degree of celerity. A failure of Louise Rose Corrie to have the automobile operated by her under control would constitute negligence on her part. It is the claim of plaintiff that Louise Rose Corrie was guilty of such negligence."

Except for the last sentence this instruction conforms to Instruction No. 22, Control of Automobile, of Uniform Jury Instructions Proposed by the Special Committee on Uniform Court Instructions of The Iowa State Bar Association and we feel it is proper. Defendant in his exception to the instruction at the trial objected to the inclusion of specification (d) as there is no sufficient evidence the car was not under control, or the accident in question was the result of failure to have it under control; if anything the record warrants the submission only of the failure to yield half the roadway and in objection to Instruction No. 6 urged the same matters, and the two last sentences are unwarranted repetition and unduly calls the jury's attention thereto and the next to the last sentence is a statement of fact and invades the province of the jury. Here, defendant, in addition to the above, contends there is no evidence to bring defendant within the provision of section 321.288. Under the provisions of rule 196 of our Rules of Civil Procedure we cannot consider the same. It should be noted the trial court did not instruct relative to the provision of section 321.288 and other than being included in the statement of issues as above pointed out it was not before the jury for consideration. The exhibits indicate a slight curve in the roadway, but this is not stressed in any

oral testimony. However, the testimony the defendant's car crossed from its right to the left-hand lane is evidence of failure to have the car under control. Jakeway v. Allen, 226 Iowa 13, 22, 282 N.W. 374. Such testimony supports the specifications of negligence of failure to yield one half of the traveled way by turning to the right, lookout and control. Miller v. Stender and Hackman v. Beckwith, both supra. The single act of crossing the center line into the path of an oncoming car may have been due to any one of such causes and the court should not select one as a matter of law.

On the question of undue emphasis, it is difficult to see prejudicial error. The part of the instruction complained of merely states the failure to have the car under control would constitute negligence and it is the claim of plaintiff that defendant's decedent was so negligent. The last sentence of the instruction is repetitious and might have been omitted. However, it emphasizes only that plaintiff so claimed. The jury knew it was only a claim. An examination of the whole record does not convince us the jury could have been misled or an unfair trial resulted. This case does not come within the rule of the Minnesota case of Waller v. Ross, 100 Minn. 7, 110 N.W. 252, 254, 12 L. R. A., N. S., 721, 117 Am. St. Rep. 661, 10 Ann. Cas. 715, relied on by defendant.

XII. During the course of the trial one juror visited the scene of the collision and made affidavits concerning the same to both plaintiff and defendant. Defendant contends the incident so influenced the verdict as to require a new trial. The trial court denied a new trial and we agree.

In Hackaday v. Brackelsburg, 248 Iowa 1346, 1350, 85 N.W.2d 514, 517, we said:

"To justify granting a new trial because of misconduct of jurors it must appear the misconduct was calculated to, and it is reasonably probable did, influence the verdict. Fagen Elevator v. Pfiester, 244 Iowa 633, 641, 56 N.W.2d 577, 581, and citations; Krieg v. Grant, 248 Iowa 396, 405, 80 N.W.2d 724, 729; Mongar v. Barnard, 248 Iowa 899, 908, 82 N.W.2d 765, 771–772. Much to the same effect is Hicks v. Goodman, 248 Iowa 1184 [1195], 85 N.W.2d 6 [12]."

914

The Hackaday case and each of the cited cases are authority that the trial court has a good deal of discretion in passing on such matters in a motion for a new trial and unless it is reasonably clear this ruling was an abuse of discretion we will not interfere. In passing on the motion for a new trial the trial court specifically considered this matter and concluded the activities of the juror did not influence the verdict or result in any prejudice to defendant. The affidavits made by the juror are inconsistent but both contain the statement that he did not reveal his trip or his views based thereon to the other jurors until after a ballot had been taken in which it was agreed defendant's decedent was negligent. The juror's curiosity was aroused by an exhibit showing the right rear tire flat on defendant's station wagon and he wanted to determine the condition of the shoulders. In the affidavit submitted by defendant he stated in part:

"After observing the pictures entered in evidence showing all of the other tires inflated except the right rear tire on the Plymouth, Corrie station wagon, and looking at the approximate location of the accident I was certain that this accident was caused by a blowout to said right rear tire as the cars were meeting. This is the reason which caused me to feel that Mrs. Corrie was negligent, and this decision was made when I looked at the pavement edge and shoulders as aforesaid.

"From this time on there was no question in my mind as to whom was guilty."

And in the affidavit submitted by plaintiff he stated:

"That my observation of the scene disclosed nothing that was not shown in the photographs introduced as exhibits in the case and that my observation and belief that the right rear tire on the vehicle of the Corrie station wagon had blown out was my personal theory as to how Mrs. Corrie happened to be on the wrong side of the highway and had nothing to do with the fact that the impact had taken place on the wrong side of the highway which was entirely brought out by the testimony and exhibits in the cause and not by any personal observation or investigation on my part."

It seems clear the flat tire was the item that convinced

this juror and this information he obtained from the exhibits in evidence and not from his investigation of the scene. Even though his reason for assenting to the verdict may be erroneous it inheres in the verdict. Doyle v. Dugan, 229 Iowa 724, 734, 295 N.W. 128; Hicks v. Goodman and Hackaday v. Brackelsburg, both supra. Under the circumstances presented we find no abuse of discretion.—Affirmed.

All JUSTICES concur.